GARDNER GATES vs. JUDSON GOREHAM.

What recovery shall, or shall not, be a good bar to a subsequent action.

This was an action of *trover*, tried by the Rutland County Court, April Term, 1832, to recover the value of thirty sheep.

The plaintiff offered evidence tending to prove the taking, and also a demand and refusal. The plaintiff also showed a contract in writing, (a copy of which is made a part of this case,) between him and the defendant, made at the time said sheep were delivered. And the defendant gave in evidence the record of a former judgement in *assumpsit*, predicated upon this written contract between him and the plaintiff, in which the plaintiff recovered *ten cents damages* and *one dollar and fifty cents costs*. And the plaintiff offered to show that at the trial of the former suit, which was before a referee, the referee decided, that the construction to be put upon this contract in writing, was that, at the end of the year, the thirty sheep belonged to the plaintiff, and that at the time of bringing said suit, they were the property of the plaintiff, and that inasmuch as the plaintiff had proved no demand, he could not recover for the value of the sheep; but that as it was the duty of the defendant to have returned the sheep at the expiration of the year, he was liable in damages for not having so returned them; and thereupon found for the plaintiff to recover *ten cents* damages.

The Court decided that the evidence so offered was inadmissible, and the defendant recovered. To which decision the plaintiff excepted. The exception was allowed, and the case now comes here for re-examination.

COPY OF THE CONTRACT.

"*Rutland,* 12th *November,* 1827.

"This instrument is to certify, that I, Judson Goreham, do agree to pay Gardner Gates or order, thirty good, likely sheep, which are to average half-blooded Merino, of good quality—none to be over two years old, and none to be under one year old.—There is to be sixteen ewes, and fourteen weathers.—The said sheep are to be returned in one year from date, in good order—it being for value received.

"(Signed,)          JUDSON GOREHAM."

RUTLAND,
January,
1833.

Gates
vs.
Goreham.

The record in the suit, alluded to in the bill of exceptions, shows that the plaintiff counted upon the agreement above mentioned, as follows :

" In a plea of the case, for that whereas heretofore, to wit, on the 12th day of November, 1827, the defendant, for value received, promised the plaintiff to pay him or order, thirty good, likely sheep, to average half-blood Merino, and of good quality.   None of said sheep were to be older than two years old, and none younger than one year old —Sixteen of said sheep were to be ewes, and fourteen weathers. The above named sheep were to be delivered to the plaintiff one year from the date thereof, in good order ; yet the defendant hath not delivered them to the plaintiff, though often requested so to do.   Also, in an action on the case, for that whereas heretofore, to wit, on the 12th day of November, 1827, the defendant and plaintiff entered into an agreement in the words following, to wit : " Rutland, November 12th, 1827.   This instrument is to certify, that I, Judson Goreham, do agree to pay Gardner Gates or order, thirty good, likely sheep, which are to average half-blood Merino, of good quality—none to be over two years old, and none under one year old : there are to be sixteen ewes and fourteen wethers.—The said sheep are to be returned in one year from date, in good order—it being for value received. ¦Judson Goreham." Signed as above by the defendant.   Yet he, the said defendant, hath not delivered to the plaintiff the said sheep, though the time for the delivery or payment of said sheep has long since expired, to the damage of the plaintiff seventy-five dollars."

On the trial of the suit, which was originally before a Justice of the Peace, a judgement was rendered for the plaintiff to recover $37,69 damages, and his costs.

The suit having been carried up to the County Court by appeal, it was there referred to R. Pierpoint, Esq., who found for the plaintiff to recover *ten cents* damages and his costs.   The report was accepted by the Court, and judgement rendered thereon.

In this suit, the plaintiff's declaration in trover for the sheep is as follows :

Rutland,
January,
1833.

Gates
vs.
Goreham.

" In a plea of the case, for that the plaintiff, at Rutland aforesaid, on the 13th day of November, 1828, was possessed of thirty sheep, of the value of one hundred dollars, as of his own goods and chattels, and being so possessed of said sheep on the same day, afterwards lost the same; which said sheep afterwards, on the same day, came into the possession of the said Judson, the defendant, by finding ; and the said Judson well knowing the same to be the property of the said Gardner, though requested, hath not delivered the same to the plaintiff, but afterwards, on the same day, converted the same to his own use."

To this declaration, the defendant pleaded, 1st, The General Issue.—2d, In bar, the facts set forth in the defendant's record of the first suit, with an averment, that the cause of action in that suit, for which a recovery of ten cents damages, and $1,50 costs was had, is the same as the cause of action in this suit.

The plaintiff replies, that the causes of action are not the same.

The opinion of the Court was pronounced by

BAYLIES, J.—The contract between the parties, of which the above is a copy, is doubtful on the face of it. From the words in the first three lines, " I do agree *to pay* thirty sheep," one would suppose, that this was a promissory note for sheep, and the plaintiff could have no interest in them, before they were paid. But from the words in the 6th and 7th lines, " the said sheep is (are) *to be returned* in one year from date," one might suppose the defendant took the sheep of the plaintiff, who still remained the owner of the sheep, which the defendant was *to return* to the plaintiff in one year. But both of these constructions cannot be right. If we reject the word "*pay*," in the second line, and substitute the word "*return*," there would be no great difficulty in understanding this contract, as it was, probably, understood by the referee, when he decided the first suit ; that is, that the plaintiff was the owner of the sheep. Whether the referee should, or should not have found the value of the sheep, we do not decide. It is however clear, that the referee, when he found only *ten cents* damages and costs, did not intend to find for the plaintiff the value of the sheep; but found the *ten cents*

RUTLAND,
January,
1833.

Gates
vs.
Gorcham.

damages and costs for some supposed injury, which he considered was warranted by the evidence before him.—— The record of the first suit does not show, that there was any evidence before the referee of a *conversion* of the sheep by the defendant, so that the plaintiff could maintain trover for them. The non-delivery of the sheep at the time agreed upon was not a *tortious* conversion on the part of the defendant. This principle of law is recognized by Lord Ellenborough, in the case of *Severin* vs. *Keppell*, 4 Esp. N. P. R. 156.——He says, " that what begins in contract, a non-performance of what the party so undertakes to do, or a bare non-delivery of what he undertakes to deliver, is not to be considered as of itself amounting to a *tortious* conversion."

Now, if the non-delivery of the sheep, at the time agreed, was not a *tortious* conversion, then it was necessary for the plaintiff, before he brought his action, and subsequently to the day when the sheep were to have been returned, to demand the sheep of the defendant, in order to maintain trover for them. It *seems* such demand was made by the plaintiff, and the defendant refused to return the sheep.—— This *demand* and *refusal* is sufficient evidence of a *conversion* of the sheep by the defendant ; which *conversion* is the *cause of action* for which the defendant is sued in trover.—— This *cause of action* cannot be the same as the one described in the record of the first suit. If the *causes* of action are not the same, will it be pretended that the recovery of *ten cents damages* and *one dollar and fifty cents costs* in the first suit, will bar a recovery in the second suit, being an action of *trover* and *conversion* for the *value* of the sheep ? In the case of *Kitchen et al.* vs. *Campbell*, 3 Wils. 304, the Court say, " You shall not bring the *same cause* of action twice to a final determination ; *nemo debet bis vexari*, upon this we found our judgement : and what is meant by the *same cause of action* is, where the *same evidence* will support both the actions, although the actions may happen to be grounded on different *writs ;* this is the test to know whether a final determination in a former action is a bar or not to a subsequent action ; and it runs through all the cases in the books, both in *real* und *personal* actions."

In the case at bar, it cannot be said, that the evidence, which was sufficient to support the first action, was sufficient to support the second. It did not tend, at all, to prove a *conversion* of the sheep by the defendant.

RUTLAND,
*January,*
1833..

Gates
*vs.*
Gorcham.

In the case of *Lacon* vs. *Barnard*, Cro. Char. 35, it was decided that a recovery of *two pence* damages, and *six pounds* costs, in an action of *trespass*, for taking and driving away a flock of sheep, is no bar to *trover* for the value of said sheep, if the plaintiff reply that the recovery was only for the *taking* and *driving* away, and not for the *value* of the sheep. " The damages of two pence given for 89 sheep being so small, is in itself an implication (and the Court shall so intend it) that it was given only for the *taking* and *driving* of them, and that the plaintiff had them again, and not in lieu of the value of them; for if it should be given for the value of them, then the plaintiff should thereby lose the property in them, and have nothing for his sheep but *two pence*, and the defendant should have the sheep: but the law will rather intend (and so it may be averred) that those damages were given only for the *taking* and *driving,* and that the plaintiff had them again, and afterwards lost them, and that the defendant found and converted them, &c."

Some of this reasoning will apply to the case at bar.— The law will intend almost any thing, before it will intend, that the *ten cents damages* were allowed by the referee in the first suit for the *value* of the plaintiff's thirty sheep.

The plaintiff offered to prove by parol, what construction the referee gave to the written contract of the parties on the trial of the first suit before him; and also to show for what he found the *ten cents damages.* This evidence was rightly excluded by the County Court, whose duty it was to construe the written contract themselves without reference to the construction which was given it by the referee. And without parol evidence, the law would presume that the *ten cents damages* were not found by the referee for the *value* of the sheep.

As we are not satisfied that the causes of action are the same, or that the same evidence would support both ac-

RUTLAND,
January,
1833.

tions, the judgement of the County Court is reversed, and a new trial is granted.

Gates
vs.
Goreham.

*Merrill & Ormsbee*, for plaintiff.
*Royce & Hodges*, for defendant.