### DAVID FELKER *v.* S. P. W. EMERSON.

An officer, when serving a writ and attaching property, acts as the agent of the plaintiff; and when the parties to the writ have dissolved the attachment by settling the suit, the officer has no farther lien upon the property attached, and has no right to retain it in his hands as security for his services.

TROVER for a wagon, two horses, several head of neat cattle, and a quantity of hay.   Plea, not guilty, and trial by jury.

It appeared, on trial, that the property sued for was attached and taken by the defendant, as deputy sheriff, in February, 1841, on two writs of attachment in favor of one Enos against the plaintiff, and that, immediately upon the attachment being made, all the property, except the hay, was received by the defendant, and put into the care and keeping of one Merrill, a neighbor to the plaintiff; that the hay in question was carried from time to time from the plaintiff's barn to a barn of said Merrill, and there fed to the horses and cattle so attached, which was done, as the jury found, by the plaintiff's consent and approval; that in April, 1841, the plaintiff and said Enos adjusted the suits,—the said Enos agreeing to give farther time for payment of the debts,—and agreed that the attachments should be dissolved; that the plaintiff immediately thereafter demanded said wagon, horses and cattle of the defendant, who expressed his willingness to restore the same, provided the plaintiff would pay what was justly due to him for his care, time and expense in keeping the same; but the plaintiff refused to pay said demand, and the defendant refused to surrender the property for that reason; that this action was thereupon immediately commenced; and that some time afterwards the defendant restored said property.   It farther appeared, that, upon the occasion of arranging and compromising said suits in favor of Enos against the plaintiff, Enos agreed to pay for the writs and service, and the fees of the justice; but it did not appear that any agreement was made as to the expense of keeping the property so attached.

The court charged the jury, among other things, that, in the absence of any consent or agreement of Enos to pay for the keeping,

the defendant had a lien upon said property, as against the plaintiff, for the necessary and reasonable expense of keeping the same, and was therefore not bound to restore it upon the plaintiff's demand, until said expense was paid or settled by the plaintiff; to which, after verdict and judgment for defendant, the plaintiff excepted.

*C. W. Prentiss* and *Redfield* for plaintiff.

The question in this case is, has an officer a lien, after the discontinuance of an action, on property attached by him, for his care in keeping the same ? In the case of *Johnson* v. *Edson,* 2 Aik. 299, it is said, " If final judgment be rendered for the defendant, the attachment is *ipso facto* dissolved, the special property of the sheriff ceases, and with it all *lien* upon the chattels, whether for the expense of keeping, or otherwise." Can that be distinguished in principle from the case of a *discontinuance* of the suit by agreement of the parties?

But the case of *Adams* v. *Abbott,* 2 Vt. 383, is nearer to the present case than the one above cited, and would seem to be decisive. That was where a *nonsuit* was entered by the plaintiff in the original suit. But the language of the court is general, and applies to every case, whether of nonsuit or any other *discontinuance.* And we contend that there is no difference in principle, so far as regards the dissolution of the lien, between a judgment for the defendant, a nonsuit by the plaintiff, or a discontinuance of the action by mutual agreement. Whatever destroys the lien, created by the attachment, destroys every other lien. The officer has no lien for the keeping and care of the property. It is only a right to the possession for the purpose of selling according to law.

It has been decided in the case of *Dean* v. *Bailey,* 12 Vt. 142, " If the debtor settles the debt with the creditor, so that no execution comes into the officers's hands, on which to make sale, he may sustain an action against the debtor for the keeping." It was so decided also by this court, in Orange County, in the case of *Jackson* v. *Scribner,* not reported. But that case goes no farther than to apply to cases where there has been a *judgment* against the debtor. It of course cannot be understood to refer to the case of a judgment for the defendant. But if it refer to all cases, whether before or

Felker *v.* Emerson.

after a judgment, where the defendant settles the debt, which is perhaps its meaning, it does not apply to cases where the action is discontinued by agreement of the parties, and there is no settlement of the debt. Such a rule would, probably, in half the cases to which it might be applied, operate as unjustly as a rule that the officer might sustain an action for the keeping, against the defendant, when he recovers a judgment in his favor.

*Smalley & Adams* for defendant.

If a person be obliged by law to receive goods, he has a lien on them for any debts contracted in the execution of the purpose for which he is obliged to receive them. Montague on Lien, 26; *Naylor* v. *Mangles,* 1 Esp. R. 109; *York* v. *Greenough,* 2 Ld. Raym. 866, reported in Montague on Lien, Appendix, page 4.

The defendant was bound by law to take the property in question into his custody and keep it; consequently the law gave him a lien on the property for the expense of keeping. The plaintiff was bound to pay the defendant for the expense of keeping the property, and if he wished to avoid that expense, it was his duty to have replevied it. *Dean v. Bailey,* 12 Vt. 144.

If the defendant had surrendered the property on demand, still he might have maintained an action against the plaintiff for the expense of keeping. *Jackson* v. *Scribner,* in Orange county, cited by Collamer, J., in *Dean* v. *Bailey.* But the officer is not bound to resort to an action, but may insist on his lien. The plaintiff might as well insist that the defendant would have been bound to pay for the plaintiff's board, if his body had been arrested, as to insist that he was bound to pay for keeping his cattle, when attached.

The opinion of the court was delivered by

HEBARD, J. Had the officer a lien upon this property for his services, after the attachment was dissolved by a settlement of the suit? In making this attachment the officer is the agent and servant of the plaintiff, and, before the attachment is dissolved by a settlement of the suit by the parties, or by a final judgment in favor of the defendant, he has an *imperfect* lien upon the property. But

Felker *v.* Emerson.

there are a variety of ways in which the lien may be lost. If the defendant in the suit recover a final judgment in the suit, the attachment is dissolved, and justice would not require that he should be pursued with a *false clamor*, and lose the use and possession of his property, and then be compelled to pay the officer for his charges in keeping it. If the defendant decease before judgment, the attachment is dissolved, and the property returns to the administrator. If the attachment is pursued to final judgment, the lien then becomes perfected. Before that, it was imperfect.

The case finds that this attachment was dissolved by the adjustment of the suit. And such is the legal effect of an adjustment, or settlement, of a suit. What considerations operated upon the mind of the creditor, to induce him to discontinue the suit, it is not for us to conjecture. There might have been a variety. He might have obtained better security for his debt, by giving farther time of payment, or he might have discovered some informality in the proceedings, or some deficiency in his proof, which he could supply at some future time ; or it might have been something else. It was voluntary on his part. He might have insisted upon his attachment, if he chose ; and when he chose to make the adjustment, he might have stipulated for the payment of the expenses of keeping the property, before discharging his lien. This is a statutory inconvenience, to which the debtor is subjected, in having his property taken upon *mesne process*, and we are not disposed to extend the inconvenience farther than a fair construction of the statute would warrant. The officer is in no danger of being injured. It is not for his security that we are called upon to adopt this principle. He is in the employ of the creditor, and if the creditor voluntarily dissolves the lien created by the attachment, by settling the suit, the officer has the same claim upon him for his charges, that he would have in a case where the *lien* was lost by a final judgment in favor of the debtor.

Judgment reversed.*

*The proceedings in this case at a subsequent term of the Supreme Court will be found reported in Vol. 16 of Vt. Reports, page 653.