### HANNAH STEWART *v.* SIMEON MARTIN.

A constable, who is sued in trespass for taking property which he attached as constable, may give in evidence, in justification, the *mesne* process on which he made the attachment, notwithstanding the direction of the writ is not in the form prescribed by the Revised Statutes, but is according to the former statute.

And such process, if duly returned by him, will justify the taking, though the suit in which he took the property be pending in court at the time of the trial of the action of trespass against him for taking the property.

In such case the judgment in the action of trespass would be the same, though that suit were brought in favor of one who claimed the property by virtue of a sale from the person as whose property was attached, which sale the jury found to be fraudulent as against the creditors of the vendor.

Stewart *v.* Martin.

But in the latter case the judgment in the action of trespass would be no bar to an action of trover in the name of such vendee,—judgment in the suit in which the attachment was made having been rendered in favor of the vendor, and the attaching officer,—defendant in the action of trespass,—refusing to return the property to such vendee. WILLIAMS, Ch. J.

A constable, who has taken property out of his precinct by virtue of *mesne* process, and who is sued in trespass for such taking, may show, in mitigation of damages, that, having taken the property to a place within his precinct, he attached it there on the same process, as the property of the same debtor, subsequent to the commencement of the action of trespass against him.

And it makes no difference that the plaintiff in the action of trespass is one who claims by virtue of a sale from such debtor, which sale was fraudulent as to creditors.

Where the party recovering in the county court carries the case by exceptions to the supreme court, and the judgment is there affirmed, the cost of the opposite party in the supreme court will be deducted from the cost taxed and allowed against him in the county court.

TRESPASS for taking thirteen milch cows, and other property. Plea, the general issue, with notice of special matter.

On trial the plaintiff proved that the property was taken by the defendant in the town of Arlington, June 15, 1840, and also introduced evidence tending to prove a sale and delivery of the same property from Rufus Corey to her some time in the month of May, 1840.

The defendant, in pursuance of his notice, proved that he was, at the time of the taking, a constable of Shaftsbury, and offered in evidence a writ of attachment in favor of Daniel Huling against Rufus Corey, on which the property in question was taken as the property of said Corey. The direction of said writ was in these words : " To the sheriff of Bennington county, his deputy, or either constable of—— in said county ;" to the admission of said writ the plaintiff objected, but the same was admitted by the court. It appeared that the suit in favor of Huling against Corey was still pending in court. From a second return on said writ it appeared that the defendant, July 29, 1840, and subsequent to the commencement of this action of trespass, attached in the town of Shaftsbury, on the same writ,

Stewart *v.* Martin.

the same property sued for, and which he had before taken on the same writ in Arlington, June 15, 1840, as proved by the plaintiff.

The defendant also offered evidence tending to prove that the sale of the property from Corey to the plaintiff was fraudulent, and not made for a valuable consideration. To this testimony the plaintiff objected; but the court overruled the objection.

The court charged the jury that the plaintiff was entitled to recover her actual damages ; but, if they should find that the sale from Corey to her was fraudulent, and without valuable consideration, she would be entitled to only such damages as she had sustained by the taking and carrying away the property until it was attached in Shaftsbury; and that, from the evidence in the case, if the sale was fraudulent, no other than nominal damages had been shown.

Verdict for plaintiff for one dollar damages. Exceptions by plaintiff.

*A. L. Miner* and *W. S. Southworth* for plaintiff.

I. The plaintiff contends that the writ of attachment in favor of Huling against Corey should not have been admitted in evidence, as the writ was not directed to " any constable in the state," as required by statute. Rev. St. 179, § 6.

II. The court erred in admitting testimony of the subsequent attachment in Shaftsbury, and evidence as to the sale from Corey to the plaintiff being fraudulent, and in their charge to the jury as to the damages, to which the plaintiff would be entitled, if the sale was fraudulent.

1. In the action of trespass *de bonis asportatis*, brought by the general owner, no act of the defendant, without the assent, express or implied, of the plaintiff, can be shown to lessen the damages below the actual value of the property, if the original taking was unlawful. *Hanmer* v. *Wilsey*, 17 Wend. 91. *Otis* v. *Jones*, 20 Wend. 394. The trespasser cannot return the property to the owner, to reduce the damages, without his assent. *Gibbs* v. *Chase*, 10 Mass. 125. Nor can he tender amends in mitigation of damages. 17 Wend. 91. 2 Selw. N. P. He cannot, *a fortiori*, apply the property taken, or its value, upon a debt against the owner, to lessen the damages. *Towsley* v. *Dana*, 1 Aik. 344. *Woodward* v. *Kissam*, 15 Johns. 186. 2 Stephen's N. P. 2655, cites 8 M. & W. 575.

2.  This case is to be distinguished from all the cases cited by the defendant in this, that the property is not to be applied for the benefit of the plaintiff, but for the benefit of him against whom the plaintiff has a perfect title.

3.  There has been no application in fact upon the debt of Corey; and giving the plaintiff full damages lays no foundation for another action,—which is the ground of the decision in *Lamb* v. *Day*, 8 Vt. 407. *Drew* v. *Davis*, 10 Vt. 506.

4.  The property was not attached until after the commencement of the present suit.   May the defendant, of his own mere motion, vary the plaintiff's rights afterwards?   *Hanmer* v. *Wilsey*, 17 Wend. 91.  *Irish* v. *Cloyes et al.*, 8 Vt. 30.

5.  There has not only been no application upon the debt of Corey, but it does not appear that there is any debt due from him to Huling, upon which such application can be made.   A fraudulent sale is good against all but creditors.   Rev. St. 432. 1 Ch. Pl. 196. Should the suit against Corey terminate in his favor, why are the damages to be reduced?   And, if reduced, what remedy has the plaintiff?

*Hall* and *Lyman* for defendant.

The direction of the writ was sufficient to justify the officer for the service made by him in Shaftsbury, as constable of that town. Rev. St. 180, § 6.

It was immaterial, so far as the justification of the officer was concerned, whether final judgment had or had not been rendered in the suit in favor of Huling against Corey.   When an officer justifies the taking of property on *mesne* process, he need not show a cause of action, but must show a return of his writ.   2 H. Bl. 354.   3 T. R. 183.

In an action of trespass, or trover, the rule of damages is not of course the actual value of the chattels, but is the injury actually sustained.   8 Vt. 407.

The jury, by their verdict, have found that the property taken was the property of Corey, and that the sale from him to the plaintiff was fraudulent and void.   The plaintiff had no property in the chattels as against the creditors of Corey; all the injury, which she can have sustained, was to a temporary right of possession, which

Stewart *v.* Martin.

right was terminated by a levy upon the chattels by the creditors of Corey. That levy was, in effect, a return of the property, and the evidence was properly received in mitigation of damages. *Irish* v. *Cloyes et al.*, 8 Vt. 30. *Clark* v. *Washburn*, 9 Vt. 302.

Although the defendant acted without any authority in driving the property over the line of Arlington, and is a stranger, still he may show, in mitigation of damages, that the goods did not belong to the plaintiff, and that they have gone to the use of the real owner. *Squire* v *Hollenbeck*, 9 Pick. 551.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The first question which arises in this case is, whether the writ in favor of Huling against Corey should have been received in evidence, on account of its not being directed, according to the form of the statute, "to any sheriff or constable in the state;" and we think it should have been. The authority of an officer to serve a writ does not depend on the direction. This was virtually decided in the case of *Chadwick* v. *Divol*, 12 Vt. 499; and, moreover, so far as this defendant, as constable, was concerned, the writ was properly directed,—that is, it was directed to either constable of the county of Bennington.

The next question which has been made is, whether the testimony as to the fraudulent character of the conveyance, under which the plaintiff claimed, was admissible in this case; and we think it was admissible. If the conveyance was fraudulent, and intended to deceive and injure the creditors of Corey, though it might be good between the parties, yet it was good for nothing as to the creditors. Any of them might attach or levy an execution on the goods, notwithstanding the conveyance; and whatever title the plaintiff claimed was liable to be defeated by them. The property in the cattle was not changed by the wrongful act of the defendant in removing them from Arlington to Shaftsbury; they were still liable to attachment as before. It was the duty of the defendant, as constable, or of any other officer, to attach any property of Corey, or any property liable to be taken for his debts, when directed so to do by the creditors; and no good reason can be given why a creditor might not require this defendant, as well as any other officer, to serve his writ by attaching these goods and chattels, although wrongfully removed

51

Stewart *v.* Martin.

from Arlington to Shaftsbury. The act of attaching was lawful, if the cattle were liable to be attached at the suit of Corey's creditors. We consider, therefore, that the testimony was correctly admitted to reduce the damages, and, as the jury have found the conveyance to the plaintiff fraudulent, she has suffered no other damages than nominal in consequence of the first taking by the defendant without authority.

The position is abundantly established, by decisions in our own State and elsewhere, that, though an officer, or any other person, may take property wrongfully, yet, if it has been subsequently legally taken and sold on an execution against the claimant, such sale will reduce the damages, and will take from the consideration of the triers all inquiries as to the value of the property, and confine them to such damages only as were actually sustained by the wrongful taking; *Irish* v. *Cloyes et al.* 8 Vt. 38; *Clark* v. *Washburn*, 9 Vt. 302; *Squire* v. *Hollenbeck*, 9 Pick. 551; *Pierce* v. *Benjamin*, 14 Pick. 356. The same principle should apply in the present case. The plaintiff could not hold the property against the creditors of Corey, and can stand in no better situation, as to the creditors, than Corey would have stood in, if he had remained still the owner, and, in a moral view, not as favorable. The plaintiff's title is derived through a fraud; Corey's title, before the conveyance, had no such brand upon it.

A question then arises, whether there is any difficulty in applying this principle to the present case, as Huling, the creditor by virtue of whose attachment the plaintiff took the goods in Shaftsbury, had not recovered judgment against Corey, but the suit was then pending; and we think this can make no difference. According to the opinion already expressed, the creditors of Corey had a right to attach this property, and this defendant, as constable, could serve this writ. The cattle attached were in the custody of the defendant, as constable, to be kept by him until the suit in favor of Huling against Corey should be ended. If Huling recovered judgment in that suit, it was to satisfy his execution; if he failed, it was to be returned to the defendant, Corey, or to Mrs. Stewart; and if the defendant in this case should be made accountable to the plaintiff for the value, he will also be liable to Huling, the creditor, if judgment should be rendered in his favor against Corey. It is

manifest, therefore, that the defendant should be permitted to avail himself of the evidence in mitigation of damages, and confine the plaintiff to a recovery for such injury, and only such, as she had actually sustained at the time of trial. Some doubts have been entertained, on this branch of the subject, whether, if Huling should not recover in his suit against Corey, ( and we cannot judicially know in this case that he has,) and this property should not be returned to Mrs. Stewart, the plaintiff, by the defendant; the judgment in this suit would not be a bar to any further claim against him for the value of the property. In that event, if the defendant should refuse to deliver the property to her, it would be a conversion at that time, and, inasmuch as she recovers in this case only for the taking, it would be no bar to an action of trover for the subsequent conversion. That a judgment in trespass, under such circumstances, would be no bar to the action of trover, is fully established in the case of *Lacon* v. *Barnard,* Cro. Car. 35, the authority of which is recognized in *Put* v. *Rawsterne,* 3 Mod. 1, and *T. Raym.* 472; and also in the case of *Gates* v. *Goreham,* 5 Vt. 317. Indeed the case from Croke is almost identical with the case at bar.

The charge to the jury in this case was correct. The actual damages, which the plaintiff sustained, were no other than nominal. The damages for driving the cattle across the line between the towns of Arlington and Shaftsbury could be no other than nominal, when they were at all times liable to be taken by the creditors of Corey, and were so in fact taken by Huling, claiming to be a creditor. The plaintiff may consider herself fortunate in trying this question of the validity of the sale from Corey to her at the cost of the defendant, who has been subject to nominal damages in consequence of his going out of his precinct to serve .the .writ of Huling.

The judgment of the county court is affirmed. The defendant to be allowed the costs of this court, to be deducted from the cost awarded against him in the county court.