Goodrich *v.* Church.

## HARRY GOODRICH *v.* DAVID S. CHURCH.

If an officer attach personal property, and it is subsequently taken from his possession by another officer, having another writ of attachment against the same debtor, and the property is sold and its avails applied by the second officer upon the execution obtained in the second suit, judgment can be obtained for no more than nominal damages, in a suit brought in the name of the first officer against the second officer for such taking, if the first attaching creditor have neglected to perfect the lien, created by his attachment, by taking out execution within thirty days after final judgment in his suit.

The plaintiff, in such action, cannot recover upon the ground of any liability, on his part, to the debtor; since the act of the second attaching officer, in taking the property, was justifiable, so far as the debtor was concerned; and the debtor may have an action upon the case, in his own name, for any injury to the property itself, notwithstanding the special property and exclusive possession in the first officer might prevent the debtor from bringing trespass.

Neither is the first officer, in such case, entitled to recover actual damages to the time when the lien was abandoned, for the purpose of indemnifying him against the expenses, to that time, of the action of trespass; since it is very unusual, in any case, to give damages beyond the actual value of the property, as against a second attaching officer, and the second attaching officer may require indemnity, if he please, before making the attachment;—and in such case the costs recovered are the taxable costs and not those between attorney and client, as allowed in some other cases of indemnity.

In this case judgment was recovered by the plaintiff in the county court for nominal damages and his costs, and the judgment was affirmed by the supreme court, on exceptions taken by the plaintiff; and the defendant's costs in the supreme court were ordered to be deducted from the plaintiff's costs below, and execution to issue for the balance.

Goodrich *v.* Church.

TRESPASS for taking a quantity of goods, wares and merchandise. Plea, the general issue, and trial by the court, December Term, 1845,—BENNETT, J., presiding,—upon a case stated by the parties, which was in substance as follows.

The plaintiff, as constable, attached the property in question, as the property of Artemas Nixon, Jr., upon two writs of attachment in favor of John Nixon against him, which writs were returnable to Addison county court, December Term, 1844; and he secured the property by locking it up in the store, where it had been previously kept, and by safely fastening all the doors, windows and passages into the store, and taking the key into his possession; and the property was thus in his custody, when it was taken by the defendant. The defendant, as sheriff, took the property in question upon a writ of attachment in favor of Bates & Sage against Artemas Nixon, Jr.; and he obtained possession of the property by forcibly breaking into the store where it was kept and in the custody of the plaintiff, as constable, as above mentioned,—no person being in the store at the time. On the sixth day of August, 1844, judgment was rendered against Artemas Nixon, Jr., in favor of Bates & Sage, by confession, for $850,80 damages, and $16,53 cost; and on the twenty third day of August, 1844, the defendant sold the goods, by virtue of an execution issued upon that judgment, for $544,55, and applied $500 upon the execution, retaining $44,55 for his fees. This suit was commenced against the defendant after that sale, and was entered in court December Term, 1844; and at the same term the suits in favor of John Nixon against Artemas Nixon, Jr., were entered in court and judgments were rendered therein in favor of the plaintiff,—one for $631,13 damages, and the other for $131,08 damages;—but no execution was ever issued upon either of these judgments. The defendant, when he took the goods upon the writs in favor of Bates & Sage, knew that they had been previously attached by the plaintiff and that they were then in his possession. The value of the goods was greater than the amount for which they were sold by the defendant upon the execution in favor of Bates & Sage.

Upon these facts the county court rendered judgment in favor of the plaintiff, for nominal damages and his costs. Exceptions by plaintiff.

Goodrich *v.* Church.

*E. D. Barber, E. J. Phelps* and *A. Peck* for plaintiff.

The plaintiff is entitled to recover to the extent of the value of the goods attached. It will be conceded, that at the time the suit was commenced, and during the term when it was entered in court, the plaintiff had a right of action for the whole amount; but it is objected, that the subsequent omission, by the first ataching creditor, to take out execution operates to defeat the plaintiff's right of action, except for nominal damages. The case shows, that the property had been sold by the defendant upon execution and that this action had been commenced and entered in court, before any judgment was obtained by the creditor. The property, therefore, *could not* be taken in execution, as required by law; for it was gone, through the wrongful act of the defendant; and the issuing of an execution would have been a mere useless act, such as the law never requires a party to perform. *Rawson* v. *Johnson,* 1 East 203. *Bowdell* v. *Parsons,* 10 East 359. *Stow* v. *Stevens,* 7 Vt. 27. It is for destroying the plaintiff's lien, and rendering it impossible for him to take the property in execution, in the manner provided by law, that this action is brought against the defendant; and he ought not to be allowed to protect himself, by taking advantage of the consequences of the very act, for which he is sued. *Jameson* v. *Mason et al.,* 12 Vt. 599. *Burrows* v. *Stoddard,* 3 Conn. 435. *Crane* v. *Warner,* 14 Vt. 40. 2 Aik. 299. Nor can it be said, that it is necessary to take out the execution in order to charge the officer; for the case shows, that the officer had exercised all the diligence, in the preservation of the property, which the law requires. *Bridges* v. *Perry,* 14 Vt. 262. And it is not true, that the officer, in a case like the present, can recover only upon the ground of his liability to the creditor and debtor;—because he can maintain the action, where, as in the present case, the property has been taken away without his fault, and where he would not be made liable to either party.

But conceding that the officer's right to recover in behalf of the creditor is destroyed by the failure to issue execution, he can still recover to the extent of the value of the goods, in behalf of, or as liable to, the debtor. Nor does the attachment and sale by the defendant and the application of the proceeds upon the judgment bar this claim on the part of the debtor. This attachment was illegal,

Goodrich v. Church.

and no right was acquired thereby, either against the debtor, or the first attaching creditor. *Burroughs* v. *Wright*, 16 Vt. 619. The case is analogous to that of an attachment made by breaking the outer door of a debtor's dwelling house,—which renders the trespasser liable for the whole property taken, notwithstanding it may have been applied in satisfaction of the judgment. *People* v. *Hubbard*, 24 Wend. 369. *Curtis* v. *Hubbard*, 4 Hill 437. *State* v. *Hooker*, 17 Vt. 658. *Ilsley* v. *Nichols*, 12 Pick. 270. Again, to create a valid attachment, even against the debtor, the law requires, that the officer should have, not only actual, but *legal* possession of the property. *Watson* v. *Todd*, 5 Mass. 270. *Vinton* v. *Bradford*, 13 Mass. 114. Yet the defendant's possession, in the present case, was obtained by a trespass and continued in violation of a valid subsisting lien throughout.

But at all events, the plaintiff is entitled to recover the amount of his actual damages, to the time when the lien ceased.

*C. Lindsley* and *J. A. Beckwith* for defendant.

The only claim, which the plaintiff has to the goods in question, is by reason of his liability as an officer, either to the attaching creditor, or to the debtor. *Collins* v. *Smith*, 16 Vt. 9. But the lien of the attaching creditor being lost by his neglect to take out execution, and the proceeds of the goods having been legally applied to the proper debt of the debtor, neither the one nor the other has any claim upon the plaintiff for these goods; and so the defendant is not liable to the plaintiff for their value. 4 Mass. 100. 2 Aik. 302. 4 Vt. 88. 9 Vt. 302.

The opinion of the court was delivered by

REDFIELD, J. The question in this case is one, which, *sub silentio* for the most part, perhaps, but for a very great number of years, has been considered as *perfectly settled.* The case of *Clark* v. *Washburn*, 9 Vt. 302, is considered by the court as deciding the *only point* involved in the present case.

The statute, also, is perfectly explicit, that, " unless the plaintiff shall, within thirty days from the time of rendering final judgment, *take such property in execution, the same shall be discharged from such process.*" This property was not taken in execution ; and if

it is discharged from the process, that the plaintiff cannot recover beyond the amount of nominal damages, or, at most, actual damages to the time the lien was lost, is confessedly true. The consequence, then, must be very obvious, unless the requirement of the statute may be *dispensed with.* We have one express decision upon the subject, and a practical construction of half a century, and some thousands of decisions at jury trials; and still we are urged to adopt a different course of decision, upon the ground that the former notions upon the subject have all grown out of some fatal blunder, which we ought to seize the earliest opportunity to correct. This is all very well,—specious enough, no doubt,—but it is setting a sufficiently severe task for us, and a Herculean one for our successors. In a case which seems so free from reasonable doubt, I certainly would not feel justified in even bringing in question so long and so uniform a course of decisions. The cases, which have been cited from other states, are, of necessity, very little to be relied upon in regard to a case like the present, and, taken all together, they make very little for the plaintiff.

The other points, which have been urged upon the present argument, seem to us not well founded. For if we admit, that the defendant's attachment was a mere *tort*, not only as to the plaintiff, but as to the debtor also, there is no necessity, that this plaintiff should recover beyond the extent of his own injury, including all for which he is liable over. And it is now settled, by the case of *Bridges* v. *Perry*, 14 Vt. 262, that the plaintiff is not, in a case like the present, liable over to the debtor. And while it may be true, that the plaintiff, at the time of the taking by the defendant, had such a special property, with the exclusive possession of the property, that the debtor cannot maintain trespass, for any wrong done to the property by a mere stranger even, still he may have case,—which he should doubtless bring, if he have any remedy, and not seek to redress a supposed wrong, through another, not in any sense interested in the matter. But we are satisfied, that the act of the defendant was no wrong, so far as the debtor is concerned, but a justifiable act.

But the claim for *actual* damages to the time of the abandonment of the lien cannot be viewed with favor. I have never known any case, where damages beyond the actual value of the property for

which an officer is liable, as against another officer, have been recovered, unless in a single case in Massachusetts, which has not been followed any where. The conduct of officers, in making attachments of personal property, is always presumed to be in good faith; and if it prove to be, *in law, a tort,* the officer is merely held to the extent of one giving an indemnity against such act. This is highly reasonable, as the law, in such case, provides, that the second officer may, if he choose, take indemnity, before he proceeds to make the attachment;—and in such case the costs recovered are the taxable *costs,* and not those between attorney and client, as allowed in some other cases of indemnity.

The practice of giving damages in any case, with a view to reimburse to the plaintiff his actual expenses in the suit, has been very much questioned in England, and is not well understood or strictly defined here. *Grace* v. *Morgan,* 2 Bing. N. C. 534, [29 E. C. L. 409,] and cases there referred to. Surely there is good reason, why that rule should not be extended to cases like the present.

Judgment affirmed.

The defendant's costs in this court will be deducted from the plaintiff's costs below, and execution issue for the balance.