## Case No. 3,616.

### In re DAVIS.

[1 Hask. 232.][1]

District Court, D. Maine. Oct. Term, 1869.

BANKRUPTCY—PREVIOUS ATTACHMENT—FEES AND EXPENSES NOT ALLOWABLE.

1. An assignee in bankruptcy takes a free and unincumbered title to property of the bankrupt, attached on a suit against him within four months of the commencement of bankruptcy proceedings.

2. The expenses of an attachment, so made by a creditor for the sole purpose of securing his debt, cannot be allowed from the bankrupt's estate.

3. Neither the plaintiff, nor the officer, have a lien upon the property so attached to secure the officer's fees of attachment or his expenses in keeping the property.

In bankruptcy. Petition by attaching creditor to be allowed his expenses of attachment from the bankrupt's estate. The assignee objected. The attachment was made within four months of the commencement of bankruptcy proceedings and thereby dissolved.

FOX, District Judge. Kaler, Bowen & Merrill set forth in their petition, "That on the 17th of June last, with a view of compelling the bankrupt to commence proceedings in bankruptcy, or to secure their demand against her, they caused an attachment to be made on their demand of her stock in trade, and that within four months she filed her petition in bankruptcy, and has been adjudged a bankrupt; that in making such attachment they incurred expenses to the amount of $117.83; that the same were for the benefit of all the creditors, and they therefore ask, that such amount may be repaid to them by the assignee from the assets in his hands."

In some cases, when the attachment of a debtor's estate has been made in aid of involuntary proceedings in bankruptcy, instituted by creditors against a party subsequently adjudged a bankrupt, I have allowed the costs attending the attachment to be paid from the assets of the estate, as the same were incurred by common consent for the general benefit, and the estate has thereby been prevented from waste and secured for the assignee. In the present case, there is no evidence, and it is not pretended, that the attachment was made by the petitioners with any other object or purpose than thereby to secure their own debt. No proceedings in bankruptcy were instituted by them or any other creditor; and it is quite manifest that the present is the usual ordinary case of an attachment obtained by a creditor for his own exclusive advantage, which was dissolved and defeated by the debtor availing herself of the benefit of the bankrupt act, within four months of the time of the attachment.

The 14th section of the bankrupt act [of 1867 (14 Stat. 522)] declares, that the assignment shall date back to the commencement of the proceedings in bankruptcy, and that the title to all the property and estate of the bankrupt, shall vest in the assignee, "although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings." By this provision the present attachment was dissolved, and no rights or interests remained to the creditors secured or protected by force of it. There is nothing in any portion of the act, which in terms creates or saves any rights of the attaching creditor under the attachment when made within the four months next preceding the petition, and the whole spirit and purpose of the act is in direct opposition to any claim against the bankrupt's estate, for payment of expenses attending such an attachment.

By another provision of the act, preferences to creditors within four months are declared to be invalid, and the great aim and purpose of the law appears to have been, to defeat all attempts to obtain a preference, whether procured by the joint action of the parties, or by the creditor alone, by legal process and attachment of the debtor's estate; all such proceedings are deemed to be a fraud on the law, when transacted within four months of the petition, and if for this cause the creditor is compelled to abandon his attachment and share with the other creditors pro rata in the proceeds of the estate, it is quite apparent that the law never contemplated, that a party should be indemnified and relieved from the expenses he may have incurred, in attempting to obtain an undue preference by his race of diligence against all the other creditors. Any other construction would be an offer of a reward to a creditor who should attempt to secure his demand by an attachment; for if proceedings in bankruptcy were not instituted within four months, his demand would be thereby secured; if proceedings should be commenced within that time, his security would be defeated at the cost and expense of the estate, and it must be burdened with the charges of an attempt to evade and overreach the purpose and design of the act, an equal distribution of the debtor's estate.

The bankrupt act declaring that the estate shall vest in the assignee, and that an attachment made within four months shall be dissolved, I am of opinion that the assignee takes a free and unincumbered title to the property as though it had never been attached, and that the expenses of the attachment by right should and did fall upon the party, who would have derived all the benefit from it, if it had remained in full force.

It is claimed that the officer, by virtue of the attachment he has made, acquired a lien upon the property attached, and that whilst

he continues to retain the possession, he may by virtue and force of such lien withhold the estate from the assignee until payment of his charges, and that if the same are paid by the creditor, he is subrogated to the officer's rights by force of his lien.

In Re Housberger [Case No. 6,734], Judge Blatchford decided that a sheriff had a lien on property attached by him for his fees which accrued prior to the filing of the petition; this I understand to be founded on the law of New York, and not a construction of any provision of the bankrupt law, and that learned judge in that case holds that under the law of New York, a sheriff has a lien on the property attached for security of his fees. I am quite certain that in this state a lien does not exist in such a case. An attachment at most creates but an imperfect, incomplete lien, as security to the plaintiff for the judgment he may recover, but the attachment is by law dissolved when final judgment is rendered for defendant, and also upon his decease, and a representation of insolvency properly pleaded; and it has never been understood, so far as I am advised, that in such cases, the sheriff has a right to retain the attached property as security for his expenses; but it has always been considered that the defendant, on a dissolution of the attachment, is entitled to the immediate return of his property, and if refused may maintain trover or replevin therefor. Nothing is to be found in the reports to sustain any contrary views, and in Felker v. Emerson, 17 Vt. 101, I find it to have been expressly decided, that when an attachment of personal property is dissolved, the officer has no further lien on the property attached, and has no right to retain it as security for his fees.

If this petition had been presented by the sheriff, instead of the creditor who has paid him or is liable for the expenses attending the attachment, it must have been denied, and the petitioners certainly have no greater right to indemnity than the sheriff. Petition denied.