Wheeler *v.* Selden.

### R. D. WHEELER *v.* E. SELDEN.

*Officer.    Suit by for property attached.    Defense.*

1. In a suit by an officer for the conversion of property attached by him the defendant may show that the property did not belong to the debtor, but to another person as whose agent he took it.
2. And an officer in taking such property upon a writ of replevin in favor of the owner, is the owner's agent in the taking, and may defend as such, although his justification under the process fails.

Exceptions from the City Court of the city of Burlington, Peck, J.

The action was trover for the conversion of a buggy wagon. Pleas, the general issue, and justification under a writ of replevin. Judgment for the plaintiff.    The defendant excepts.

The case appears in the opinion.

*D. J. Foster,* for the defendant.

The defendant in good faith took the wagon as the agent of the wife, who claimed to own it.    If she did own it, the defendant might, as her agent, lawfully take it.    Therefore he should have been permitted to show the fact of her ownership in defense of the suit.    17 Vt. 101 ; 53 Vt. 678 ; 39 Vt. 62.

*W. L. Burnap* and *J. J. Enright,* for the plaintiff.

The defendant had no authority to serve the writ of replevin, and converted the wagon by taking it under that writ.    R. L. s. 1245 ; *Knapp* v. *Winchester,* 11 Vt. 351.

The defendant does not justify as the agent of Mrs. Arnold, but under the writ.

The opinion of the court was delivered by

Royce, Ch. J.    The plaintiff as deputy sheriff on the first day of August, 1888, attached the wagon in question as the property of G. B. Arnold, and left it in the custody of James McKenzie. On the 8th day of August, 1888, the defendant, a constable of

Wheeler *v.* Selden.

Burlington without State jurisdiction, claiming to act by virtue of a writ of replevin directed to him as an authorized person and in favor of G. B. Arnold and wife, claiming the wagon was the property of the wife, and against the plaintiff, took the wagon out of the possession of McKenzie. Said writ of replevin was never returned, and about the 18th of August the defendant returned the wagon to McKenzie's barn, whence he had taken it. Judgment was obtained in the suit upon which the plaintiff attached the wagon and execution was duly issued and returned *nulla bona*, and this suit is to recover for the value of the wagon so attached by the plaintiff.

The defendant offered to show that at the time of the attachment the wagon was the sole property of the wife of G. B. Arnold, but the court ruled that such evidence was inadmissible; and in that we hold there was error. The defendant in making the attachment on the replevin suit acted as the agent of the plaintiffs in that suit, one of whom claimed to own the property. *Felker* v. *Emerson*, 17 Vt. 101.

In *Collins* v. *Smith*, 16 Vt. 9, it was held that an officer who has attached property can only maintain an action for it upon the ground of his liability to the attaching creditor, or the owner, for its return. See also *Goodrich* v. *Church*, 20 Vt. 187.

No liability to the creditor on the part of the officer could arise, unless the debtor owned the property sought to be charged. Hence it was competent to show that the property did not belong to the debtor. The attempted justification fails for the reasons urged in argument, but it was allowable to show under the general issue the fact that the property in question was the property of the female plaintiff in the replevin suit.

*Judgment reversed and cause remanded.*