# Robb *v.* Van Horn.   Merrick's Appeal.

*Res adjudicata—Trust—Assigned estate.*

A creditor who conducts proceedings for an account against an assignee in trust for benefit of creditors and is held by his acts to be estopped from setting up or enforcing the assignment, cannot in another proceeding establish a trust between himself and the assignee as regards the same property.

Argued March 31, 1892.   Appeal, No. 205, Jan. T., 1892, by terre-tenant, Edwin A. Merrick, from decree of C. P. No. 3, Phila. Co., June T., 1887, No. 1057, dismissing exceptions to report of auditor distributing proceeds of sale of real estate sold on execution on judgment by Thos. Robb et al. v. Peter Van Horn, with notice to terre-tenant.   Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

The claim of appellant was to balance of proceeds of sheriff's

sale of real estate as terre-tenant.  The appellee, Peter Crans, claimed as judgment creditor.

The auditor, Thomas R. Elcock, found among other facts that Crans held a judgment against this property then owned by John Loutey; that Loutey made an assignment for benefit of creditors to appellant, who was also a creditor, the estate embracing this realty and a stock of store goods; that appellant accepted the trust, the deed being duly recorded, but permitted the assignor to continue the business. March 26, 1876, Crans seized and sold the goods then on hand on execution against Loutey, realizing only enough to pay part of his judgment.  April 8, 1876, Loutey conveyed the above real estate to appellant and another creditor in fee in part payment of their claims.  In 1885 Crans petitioned for a citation on appellant for an account as assignee of Loutey.  Appellant filed a statement averring that he had never received any of the assigned estate and therefore charged himself with nothing. Joseph De F. Junkin was appointed auditor to "audit, settle and adjust" the account.  He decided against the trustee on the question of surcharge but declined to go into the amount on the ground that Crans, the only creditor before him, was estopped by his own acts from setting up or enforcing the assignment.  The report was affirmed on appeal to the Supreme Court: Crans's Ap., 8 Cent. R. 173; s. c. 9 Atl. R. 282.

The auditor in the present case held that the matter adjudicated in Crans's Appeal was limited to the personal property and accordingly allowed Crans's claim here.  Exceptions by appellant were disallowed by the court and the report confirmed. Other facts appear by the opinion of the Supreme Court.

*Error assigned, inter alia,* was confirmation of report.

*B. F. Fisher,* for appellant.

*John M. Arundel, R. O. Moon* with him, for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 13, 1892.

It is conceded that the report of the auditor in Re Assigned Estate of John Loutey which was affirmed by this court (not reported) is conclusive of this case, if the question now raised was involved therein.  Our inquiry therefore is as to the extent of that decree.  The learned auditor in the present case was of opinion that the finding of his predecessor in Loutey's

Estate must be limited to the personal property, because the only surcharge asked was of the value of the stock of merchandise in Loutey's store, and that, as the present fund arose from the real estate, the title to it was not res adjudicata, but open to consideration on the merits. There are however two objections to this view which seem to us insuperable. In the first place, it is directly contrary to the plain language of the auditor's report in Loutey's Estate. He finds that as the assignee accepted the trust, though it was never carried out, he was liable to be charged with the value of the whole assigned estate personalty and realty, including specifically the very house out of which this present fund arises. The very point now made was made then and disposed of by the auditor in the following passage: "It was argued on the part of Mr. Crans that even if he was estopped by his conduct as to the personal property of the assigned estate, the assignee was still liable to account for the real estate and its rentals. But it will be remembered that at the time Mr. Loutey sold out the stock under his execution in 1876, the real estate was conveyed to Mr. Merrick and another creditor in part payment of their claims. This was done under the same supposition, brought about by Mr. Crans's conduct, that he had no claim on the assigned estate. Non constat but that these two creditors could have secured payment aliunde if they had not been deceived by Mr. Crans's conduct, and therefore the same estoppel applies here as well." It is certain, from this, that the auditor intended to decide the very point now raised. Crans appealed from the decree, and his assignments of error include this finding of the auditor. When therefore this court affirmed the decree upon the auditor's report, it decided this question.

But, secondly, what the auditor in Loutey's Estate determined was not a surcharge more or less upon the assignee, but the status of Crans to set up the assignment at all. On the question of surcharge he found against the assignee, but he declined to go into the amount, on the ground that Crans, the only creditor before him, was estopped by his own acts from setting up or enforcing the assignment. His finding was that as between Crans and Merrick the assignment must be treated as a nullity, as if never made, or ended and a reconveyance legally made in the forms of the law. In his supplemental

report upon the exceptions he finds explicitly that, "as between Crans and the assignee, no trust existed." Such a trust therefore can no more be set up here than there, for any purpose whatever, whether relating to personalty or real estate. It was the same right, litigated between the same parties, and the decision closed it against further discussion.

The report of the learned auditor in Loutey's Estate however expressly left untouched, as beyond his province, the rights of Crans as the holder of the judgment against Loutey. Appellant took the real estate from Loutey while this judgment was an apparent lien upon it. Whether it was a lien which equity would permit Crans to assert against Merrick, in view of the array of facts in auditor Junkin's unanswerable argument on the question of estoppel, may well be doubted. But it is not necessary to consider this point, for prior to the sale from which this fund arose, the continuity of the lien was broken, and all claim of Crans upon the property was at an end. The judgment was obtained October 23, 1874; a scire facias to revive issued August 14, 1879, but was returned nihil habet; an alias scire facias was not issued till October 9, 1884, and judgment was not obtained upon it till November 22, 1884. The hold of the lien on the property was gone. This is admitted as to purchasers and incumbrancers, by the learned auditor in the present case, but he reports that the appellant was not a purchaser within the protection of the rule, because he was a trustee under the assignment. This ground has already been disposed of. In the absence of a trust, and waiving the question of estoppel, both parties were entitled to stand on their legal rights, Crans as a lien holder and Merrick as a purchaser. When Crans allowed the lien of his judgment to expire he lost the only hold he had on the property.

Decree reversed, and fund ordered to be awarded to appellant. Costs to be paid by appellee.