HENRY R. CUTLER *v.* GEORGE E. JENNINGS ET AL.

May Term, 1925.

Present:  WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1925.

*Bill of Exceptions—Skeleton Bill Referring to Transcript—
Estoppel by Judgment—Test of Identity of Subject-matter
and Causes of Action—Attaching Creditor Party to Fore-
closure Proceedings and Failing to Appeal Bound by Decree
—When Estoppel by Judgment Claimed, Court Determines
Real Parties—Deputy Sheriff Attaching for Creditor Bound
by Decree Adverse to Creditor.*

1.  Skeleton bill of exceptions, although not specifying exception
    saved, but merely reciting that defendant took such excep-
    tions as transcript would show and making transcript con-
    trolling, *held* to reserve sufficiently such exceptions as tran-
    script showed, against motion to dismiss.

2.  An essential element of estoppel by judgment is that it shall be
    made to appear from pleadings or by extrinsic evidence that
    subject-matter of and causes of action in two suits involved
    are same, although causes of action need not be technically
    identical, it being enough that precise question involved in
    second suit was raised and determined in first.

3.  To determine whether subject-matter and causes of action are the
    same in two suits, so that judgment of first may be an estoppel
    in second suit, neither the form of action nor relief sought is
    ultimate test, but whether the same evidence will support both
    actions.

4.  Where creditor attached certain mortgaged personal property, and
    also real estate on which there were two mortgages, mort-
    gagee being the same in each mortgage, and mortgagee there-
    after caused personal property to be sold under chattel mort-
    gage, leaving balance in hands of officer making foreclosure
    after extinguishing sum secured thereby, and foreclosed real
    estate mortgages making attaching creditor party, the decree
    in terms awarding mortgagee such balance, attaching creditor,

having had right to appeal therefrom and failing to do so, could not be heard to claim funds awarded to mortgagee.

5. In cases involving matters of estoppel by judgment, whenever identity of parties is in question, court will look into situation far enough to ascertain who are real parties, and give effect to former judgment accordingly; and if parties are really and substantially in interest the same, though nominally different, judgment binds them.

6. In action against deputy sheriff to recover balance remaining in his hands from proceeds of sale under chattel mortgage, and claimed by attaching creditors, such sum having been awarded to plaintiff by decree in foreclosure proceedings of two real estate mortgages to which attaching creditor had been a party and from decree in which he had taken no appeal, held that officer was bound by such decree, having acted as creditor's agent in making attachment, the controversy, in effect, being between plaintiff and attaching creditor, and litigated in foreclosure proceedings.

ACTION OF CONTRACT. Plea, general issue. Trial by jury at the September Term, 1924, Orleans County, *Graham*, J., presiding. Verdict directed for plaintiff, and judgment on verdict. The defendant excepted. The opinion states the case. *Affirmed.*

*E. A. Cook* and *W. W. Reirden* for the defendant.

Decree must conform to issues tendered by pleadings, to constitute an adjudication between the parties. 15 R. C. L. 604, and note 20; *White* v. *Yaw*, 7 Vt. 357; *Sanborn* v. *Kittridge,* 20 Vt. 632; *Waterman* v. *Buck*, 58 Vt. 519; *Davis et al.* v. *Davis et al.*, 81 Vt. 259; *Evans* v. *Gibson*, 77 A. D. 565; *Converse* v. *Blumrich*, 90 A. D. 230.

Judgment is void which is a departure from pleadings, and will be treated as a nullity, even in a collateral proceeding. 15 R. C. L. 604; *Charles* v. *White* (Mo.), 21 L. R. A. (N. S.) 481; *Reynolds* v. *Stockton*, 43 N. J. Eq., 211, 3 A. S. R. 305; *Munday* v. *Vail*, 34 N. J. Law, 418; *Sache* v. *Wallace*, 101 Minn. 169, 11 L. R. A. (N. S.) 803; *Waldron* v. *Harvey*, 54 W. Va. 613, 102 A. S. R. 959, 46 S. E. 603.

A judgment never operates as an estoppel unless there is an identity of parties, of subject-matter, and of causes of action. *Nason* v. *Blaisdel*, 12 Vt. 165; *Eaton* v. *Cooper*, 29 Vt. 444;

*Knapp* v. *Town of Marlboro,* 31 Vt. 674; *Burton* v. *Barlow's Estate,* 55 Vt. 434; *Blondin* v. *Brooks et al.,* 83 Vt. 472; *Willey* v. *Laraway,* 64 Vt. 559; *Corey* v. *Morrill,* 71 Vt. 51; *Gerrish* v. *Bragg,* 55 Vt. 329; *Ingalls* v. *Brooks,* 29 Vt. 398; *Knapp* v. *Marlboro,* 31 Vt. 674; *Atkinson* v. *Allen,* 12 Vt. 619; *St. J. & L. C. R. R. Co.* v. *Hunt,* 55 Vt. 570, 596; *Dunnett et al.* v. *Shields & Conant,* 97 Vt. 419, 433.

*W. W. Miles* for the plaintiff.

A judgment or decree is final as to everything that might have been pleaded, and might have been given in evidence. *Barney* v. *Goff,* 1 D. Chipman; *Spaulding* v. *Ins. Co.,* 94 Vt. 445; *Id.* 96 Vt. 67; *Tudor* v. *Kennett,* 87 Vt. 99; *Myers* v. *Myers,* 68 L. ed. 100; *Cromwell* v. *Sac County,* 24 L. ed. 195; 15 R. C. L. 949, §§ 429, 438, 622; *Corrugated Culvert Co.* v. *McIntyre Co.,* 4 A. L. R. 1170, and note 1174, § 11.

POWERS, J.   This judgment was rendered at the September Term of the Orleans county court.   Seasonably thereafter, the defendant filed a skeleton bill of exceptions duly signed by the judge who presided at the trial.   This bill did not specify the exception saved, but merely recited that the defendant took such exceptions as the transcript would show, and it referred to the transcript and made the same controlling.

[1]   The plaintiff asks us to dismiss the exceptions and affirm the judgment on the ground that, no exceptions being specified in the bill, and there being no direct assertion that the transcript will show any saved, none are sufficiently reserved. But the form of statement adopted in this bill has come to be so common in our practice that it must be taken to have been approved, and this ground of the plaintiff's motion is unavailing. The plaintiff also bases his motion on the defendant's failure to comply with the rules of this Court, in that he failed to file the printed copies of the case required by our rule 5, and failed to file copies of his brief as required by our rule 6.   That the defendant was thus in default is admitted; but the omissions were supplied before hearing on the merits, and no prejudice has resulted to the plaintiff.   So to avoid possible injustice to the defendant, the motion is disregarded, and we proceed to a consideration of the questions argued.

The action is contract in the form of general assumpsit to recover of the defendant, a deputy sheriff, a sum of money arising from the sale referred to below.

The plaintiff held two real estate mortgages and a chattel mortgage against W. B. Locke, Lydia Locke, his wife, and H. W. Locke, his son. The real estate mortgages covered a farm in Albany; the personal property mortgage covered a quantity of hay in the barns, together with that thereafter grown on the farm, and other personal property thereon. On July 10, 1922, the mortgagors being in default, the plaintiff entered into possession of the farm, and gathered the crops then growing thereon, including the standing hay. He also took possession of the personal property covered by his chattel mortgage. This included about four tons of old hay and the new crop cut by the plaintiff. Prior to this time, one E. F. Flood, to whom the Lockes owed a debt of several hundred dollars, brought a suit against them, and attached the real estate and the personal property covered by the plaintiff's mortgages. This attachment was undischarged at the time of the sale now to be mentioned.

On August 21, 1922, by direction of the plaintiff, and acting under the chattel mortgage, the defendant sold at public auction all the personal property hereinbefore mentioned. By this sale there was realized a sum sufficient to extinguish the $1,300.00 secured by the chattel mortgage and also by one of the real estate mortgages, and leave in the hands of the defendant a balance of $257.45, which is the subject-matter of this suit.

On October 6, 1922, the plaintiff began foreclosure proceedings on his real estate mortgages. Flood was made a party defendant, and made answer asserting his attachment lien and asking extra time for redemption. The plaintiff's petition was in common form, and made no reference to the proceedings before taken by the plaintiff or the sum remaining in the defendant's hands. In due time· a decree of foreclosure was granted the plaintiff, which in terms awarded this $257.45 to the plaintiff and allowed it to the mortgagors as a payment on the mortgage debt. This decree was not appealed from. Thereafter this suit was brought.

The plaintiff took the position below, and maintains it here, that the defendant, being the mere agent of Flood, who was a party to the foreclosure, is estopped by the decree to deny the plaintiff's right to the sum in question. The defendant denies

this, and insists that the chattel mortgage debt having been fully extinguished by the avails of the sale, the excess belongs to Flood, the attaching creditor. He denies that he is in privity with Flood, and maintains that Flood, even, is not bound by the decree, because the award of the sum in question was outside the issues raised by the pleadings in the foreclosure suit.

[2, 3]   One of the essential requisites of an estoppel by judgment is that it shall be made to appear from the pleadings or by extrinsic evidence that the subject-matter of and the causes of action in the two suits are the same. This rule, however, does not require that the causes of action shall be technically identical. It is enough, if it be shown that the precise question involved in the second suit was raised and determined in the first. *Gray* v. *Pingry,* 17 Vt. 419, 44 A. D. 345; *In re Bower's Estate,* 240 Pa. 388, 87 Atl. 711; *Wright* v. *Griffey,* 147 Ill. 496, 35 N. E. 732, 37 A. S. R. 228, and note. To determine this question, neither the form of action nor the relief directly sought is the ultimate test. *Spencer* v. *Dearth,* 43 Vt. 98; *Green* v. *Bogue,* 158 U. S. 478, 39 L. ed. 1061, 15 Sup. Ct. 975. The true test is, will the same evidence support both actions? *Gates* v. *Goreham,* 5 Vt. 317, 26 A. D. 303. True it is that this doctrine is limited to such matters as are within the pleadings (as drawn or broadened by the conduct of the parties) in the former action, but it is equally applicable whether these matters are, themselves, the ultimate and vital ones, or only incidental to the main question, but essential to its decision. *Atty. Gen.* v. *Chicago, etc., R. R. Co.,* 112 Ill. 520.

[4]   Every foreclosure like the one here in question involves a determination of the amount due in equity. This may be ascertained in many cases by a mere computation of the note secured by the mortgage in question. In others, an accounting of sums paid, services rendered, goods delivered, or other items of debt and credit may be required. All such matters are within the issues raised by the petition. So here, the amount of the net avails of the chattel mortgage sale and their application to the mortgage debt were proper questions for investigation and determination. Flood's attachment gave him a right of redemption; he was interested in the accounting; he was entitled to be heard on any question involved in it; and if he was dissatisfied with the decree, being a party he had the same right of appeal that the other defendants had. G. L. 1561. The same right was

there properly asserted and decided (*Robb* v. *Van Horn,* 150 Pa. 508, 24 Atl. 756), and Flood could not now be heard to claim these funds which were there awarded to the plaintiff.

[5, 6]    But the defendant was not a party to the foreclosure proceedings, and is not bound by the decree, unless it is by force of his relation to Flood.    Whenever in these cases the identity of parties is the question, the court will look into the situation far enough to ascertain who are the real parties, and give effect to the former judgment accordingly.    *Spencer* v. *Dearth, supra.*    If the parties are really and substantially in interest the same, though nominally different, the judgment binds them.    34 C. J. 811.    The defendant stands here in no better situation than Flood would.    Though he acted as an officer in making the attachment, and in a sense was an agent of the law, in another and a true sense he was acting as Flood's agent. *Felker* v. *Emerson,* 17 Vt. 101; *Dana* v. *Lull,* 21 Vt. 383; *Wheeler* v. *Seldon,* 62 Vt. 310, 20 Atl. 197.    He is Flood's *alter ego.* He had no interest in the property attached that Flood could not discharge.    *Felker* v. *Emerson, supra.*    He has no interest in the fund in question; he holds it for the person who is in law entitled to it.    He is contending here not for himself, but for Flood.    The controversy is wholly between the plaintiff and Flood.    In the eyes of the law, they have litigated the question once, and it is against the policy of the law to allow it to be relitigated in this action.

The action is not predicated upon the decree, and is properly brought.    The plaintiff relies upon the decree, not as a basis of his suit, but as a bar to the defense made to it.    It follows that the evidence offered by the defendant was properly excluded and that the action of the court in ordering plaintiff's verdict was without error.

*Judgment affirmed.*