### STEPHEN HUNT v. CASSIUS DOUGLASS.

A bailment of property, with a power of sale, is a personal trust to the bailee, which he cannot delegate.

A. delivered a horse to B., for B. to use, with the power of sale; B. exchanged the horse with C. for another horse, and C. agreed, that he would pay to A. $15,00, as the difference between them, and the horse which C. received was to remain the property of A., until the $15,00 was paid; but B. at the same time told C., that he might trade away the horse, provided he kept the security good. C. accordingly exchanged horses three several times, and the horse, which he obtained upon the third exchange, was attached by the defendant as the property of C. It did not appear, that A. had ratified the acts of C., in exchanging for that horse, and it was held, that therefore the property in the horse had not vested in A., although the $15,00 remained unpaid at the time of the attachment, and that the horse was subject to attachment by the creditors of C.

TRESPASS for taking a horse. Plea, the general issue, and trial by the court, March Term, 1848,—BENNETT, J., presiding.

On trial it' appeared, that previous to the ninth day of February, 1847, the plaintiff was the owner of a certain horse, which he delivered to his brother, John K. Hunt, as his bailee, to be by him used and sold, or exchanged, and that in the course of that month John K. Hunt exchanged that horse with one Lee for another horse, representing to Lee, at the same time, that the horse belonged to his brother, and Lee agreed to pay to the plaintiff $15,00, as the difference betwen the horses, and that the horse which Lee received should remain the property of the plaintiff, until the $15,00 was paid, and that the $15,00 still remained unpaid. It farther appeared, that at the time of the exchange John K. Hunt gave Lee permission to exchange the horse, which he then received, provided he kept the security good, and that Lee subsequently exchanged that horse for another, and again exchanged twice subsequently, and that the horse which he obtained upon the third exchange was the one sued for in this action. The defendant, who was a deputy sheriff, attached and sold the horse in question, in due form of law, as the property of Lee.

Upon these facts the county court rendered judgment for the defendant. Exceptions by plaintiff.

*E. R. Hard* and *Smalley & Phelps* for plaintiff.

1. The conditional sale of the horse by the plaintiff to Lee, being *bona fide*, did not change the property in the horse, nor render it attachable by Lee's creditors, until after the condition was performed. *West* v. *Bolton*, 4 Vt. 558. *Bradley* v. *Arnold*, 16 Vt. 382. *Manwell* v. *Briggs*, 17 Vt. 176. *Smith* v. *Foster*, 18 Vt. 182.

2. The condition of the sale never having been performed between the parties, the license to Lee to exchange and the exchange made under it, being likewise *bona fide*, did not change the property, either in the first horse, or in those procured by the exchange. *Waldo* v. *Peck*, 7 Vt. 434.

*H. Leavenworth* for defendant.

1. The plaintiff, having parted with the possession of the horse by contract, cannot maintain this action of trespass during the con-

tinuance of the contract. *Soper* v. *Sumner et al.,* 5 Vt. 274. *Swift* v. *Mosely et al.,* 10 Vt. 208.

2. The sale of the horse was not conditional, but absolute. The authority given by John K. Hunt to Lee, to exchange as often as he chose, as well as the other circumstances connected with the transaction, make Lee the legal owner of the property.

The opinion of the court was delivered by

BENNETT, J. This was a case tried by the county court, without the intervention of a jury; and the only question for this court is, whether the facts stated in the bill of exceptions show, that, as matter of law, the judgment should have been for the plaintiff, instead of the defendant.

The defendant, as an officer, had attached and sold the horse ·in question, as the property of one Michael Lee, at the suit of one of his creditors. The facts found by the bill of exceptions are, that the plaintiff was the owner of a certain horse, which he put into the possession of his brother, John K. Hunt, to be used by him and disposed of, and that the bailee sold the horse conditionally to Lee, or rather exchanged with him for another horse, for which Lee was to pay fifteen dollars, as the difference, and the horse which Lee received was to remain the plaintiff's property until the fifteen dollars were paid, which the case finds to be still unpaid. The case farther finds, that when the bailee traded with Lee, though the exchange was accompanied with a condition, that the horse put away should remain the property of the plaintiff, until the difference was paid, yet Lee was told by the bailee, that he might trade away the horse, if he would keep the security good, and that Lee had traded three times, and that the horse now in question is the one which was obtained upon the third exchange. We think the court were right in giving judgment for the defendant.

Though it should be granted, that the plaintiff should be protected in his ownership of the first horse, until the condition was performed by Lee, upon the ground that the property in the horse had not passed, yet the question in this case is, had the property in the horse now in dispute vested in the plaintiff at the time of the attachment. The case shows, that John K. Hunt had the bailment of the first horse to use, clothed with a power of sale. This, of

course, was a personal trust; and the bailee had no authority to delegate this trust to another. The maxim is, "*delegata potestas non potest delegari.*"

Lee then had no authority, as derived from the plaintiff, to deal in horses, and he disposed of the one he received from his bailee without right. This did not defeat the plaintiff in his title to that horse; and the title to the one received in exchange by Lee would not vest in him, at least not until the plaintiff had ratified the acts of Lee; and there was no evidence in the case, tending to show a ratification at the time of the attachment, and none in the case, unless the bringing of this suit should be regarded as such.

But if this were not so, I, for one, should not be disposed to extend the doctrine, which protects the vendor in his property, while in the possession of the vendee upon a conditional sale, as against creditors of the vendee, so far as to permit the vendee to exchange that property to an unlimited extent, and thereby invest the vendor with the title to the newly acquired property, even though the vendee may have a general authority so to do from the vendor.

It does not appear upon what ground the county court proceeded in rendering a judgment for the defendant. It might have been upon the ground of *collusion* in point of fact. Doubtless the case contains evidence tending to prove collusion; and it is always necessary, that enough should affirmatively appear upon a bill of exceptions, that this court may see that there has been error in the court below.

We think the judgment of the county court should be affirmed.