Strong *v.* Adams.

---

## DAVID STRONG *v.* HENRY ADAMS.

### *Bailment.  Trespass.*

If a debtor leave property with a creditor with directions to *sell* it, and, after deducting his debt, to pay the balance to the debtor, and the creditor *exchange* it for other property, such other property is not necessarily the property of the creditor, or subject to be attached upon his debts.  This depends upon whether the debtor, within a reasonable time, ratifies or repudiates the exchange.

---

Strong *v.* Adams.

---

It will be regarded as a ratification of the exchange by the debtor, in the absence of any other evidence to the contrary if, within a reasonable time after the exchange, he brings an action for taking the property, received by the creditor on such exchange, against one who has attached it as the creditor's property.

In cases of bailment, unless the bailee has the absolute right to retain possession of the property for a definite time, trespass may be brought against a wrong-doer to the property, either in the name of the bailor or the bailee. REDFIELD, Ch. J.

TRESPASS for a wagon ; plea, the general issue, and trial by the court, at the September Term, 1857,— KITTREDGE, J., presiding.

On the trial the plaintiff proved that in October, 1855, he left a horse and harness with one Kimball for sale, with directions to sell them, and after retaining from the proceeds of such sale the sum of twenty-one dollars and a half, which Kimball advanced to the plaintiff when the horse and harness were left with him, Kimball was to pay over the balance to the plaintiff. Kimball exchanged the horse for the wagon in controversy, and two dollars and fifty cents in money. Subsequently the wagon was taken by the defendant as Kimball's property, and sold on an execution in the defendant's favor against him.

The court decided that when Kimball exchanged the horse for the wagon and the two dollars and a half, the wagon became Kimball's property, and was liable to attachment and sale for his debts, and rendered judgment for the defendant. Exceptions by the plaintiff.

*R. R. Thrall* and *Linsley & Prout*, for the plaintiff,

Cited *Fletcher* v. *Howard*, 2 Aiken 115 ; *Swift* v. *Mosely*, 10 Vt. 208 ; *Rooth* v. *Wilson*, 1 Barn. & Ald. 59 ; *Daubigny* v. *Duvall*, 5 Term 604 ; *Newson* v. *Thornton*, 6 East 17 ; *Mc Comb* v. *Davis*, 7 East 5 ; *Pickering* v. *Bark*, 15 East 44 ; *Queiroy* v. *Truman*, 3 Barn. & Cress. 342 ; Story on Agency sec. 113 ; Story on Bailments secs. 318 – 322 ; 2 Kent 585.

*M. G. Evarts* and *Edgerton & Hodges*, for the defendant,

Cited Story on Agency sec. 78 ; *Guerriero* v. *Pule*, 3 B. & Ald. 616 ; 5 Eng. Common Law 399 ; *Wiltshire* v. *Sims*, 1 Camp. 258 ; 12 Mod. 514 ; *Hunt* v. *Douglass*, 22 Vt. 128.

The opinion of the court was delivered by

REDFIELD, Ch. J.   In this case the plaintiff pledged the property to Kimball for the security of twenty-one dollars and fifty cents advanced by him, with the right to sell the property and pay over the balance of the price to the plaintiff.   Kimball exchanged the property, being a horse and harness, for a wagon and two dollars and fifty cents in money.   The court held, as matter of law, that this vested the title of the wagon in Kimball, and that it was immediately attachable as his property.

We are not prepared to adopt this view of the law.   If Kimball exceeded his authority in making the exchange, which, as the facts are stated, would seem to be the case, unless there was something in the evidence or course of dealing to show that Kimball had a larger discretion than an ordinary factor, then it would be optional with the plaintiff either to adopt or repudiate Kimball's act in making the exchange.   And his bringing the action is regarded as a sufficient ratification of the act ordinarily.   As if he had brought suit to recover his original property, it would have been a repudiation of the exchange.

What other facts may be put in the case hereafter we cannot anticipate.   It will no doubt be competent to show, by other evidence, that the plaintiff did repudiate the act of Kimball in making the exchange, or that he did not ratify it in a reasonable time, perhaps, as is intimated in the case cited from 22 Vt. 128, *Hunt* v. *Douglass.* But as there is nothing in this case to show any delay, or that any time intervened between the exchange and the attachment, and as the decision of the court goes upon the ground that the plaintiff had no rights, either absolute or contingent in the property obtained by the exchange, we think there should be a new trial.

Something was said by the plaintiff's counsel in regard to the plaintiff's right to maintain this action of trespass, if the property had vested in him before the bringing of the suit.   But no such point is insisted upon by the counsel for the defendant.   And we understand the law to be well settled that in cases of bailment, unless the bailee has the absolute right to retain possession of the property for a definite time, the action of trespass against a wrong-doer may be brought either in the name of the bailor or the bailee, but we do not here decide the point.   Judgment reversed and case remanded·