JAMES H. HUGHES, Respondent, v. THE UNITED PIPE LINES,
Appellant.

Upon trial of an action to recover for the alleged unlawful conversion of a
quantity of oil placed in defendant's possession for storage by W. and M.
and which defendant, upon demand and after notice of plaintiff's
claim, refused to deliver, plaintiff, to establish his title, introduced in
evidence a judgment-roll in an action brought by W. and M. against
him, in which the title to the oil was in issue, and it was decided that
plaintiff here was owner. The referee held that said judgment con-
clusively established plaintiff's right to the oil, and excluded evidence
offered by the defendant to dispute said right. *Held*, no error.
Oil in the earth belongs to the owner of the land, and when unlawfully
taken therefrom by a wrong doer the title of such owner remains per-
fect, and he may pursue and reclaim the property wherever he may find it.

(Submitted January 28, 1890 ; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made February 20, 1888, which affirmed a judgment in favor
of plaintiff entered upon the report of a referee.

This action was brought to recover of the defendant for the
wrongful and unlawful conversion of about 5,000 barrels of
oil, which the plaintiff claims was produced from an oil well
belonging to him, and was placed in the possession of the
defendant for storage by William and Maria Stephan.

The right of the plaintiff to the oil was put in issue by the
answer of the defendant, and upon the trial of the action
before a referee the plaintiff, to establish his title to the oil,
produced in evidence the judgment-roll in an action wherein
William and Maria Stephan were plaintiffs and he was defend-
ant. The referee held that the judgment in that action con-
clusively established plaintiff's right to the oil, and excluded
the evidence offered on the part of the defendant to dispute
that right; and upon proof of the quantity of oil and its value,
he gave judgment in favor of the plaintiff.

, Further facts appear in the opinion.

*J. R. Jewell* for appellant. The judgment in the former action of *Stephan* v. *Hughes* is no estoppel upon the defendant in this action, and is not *res adjudicata* or conclusive. (*Smith* v. *Smith*, 79 N. Y. 634; *Stowell* v. *Chamberlain*, 60 id. 272; *Pray* v. *Hegeman*, 98 id. 351; *Jordan* v. *Van Epps*, 85 id. 427.) The defendant not being a party to the former action, is not concluded by the judgment therein. (*Shattock* v. *Bascom*, 105 N. Y. 339.)

*Loveridge & Leggett* for respondent. A subsequent executory contract, in order to operate as a defeasance or modification of a previous contract by specialty, though that be executory, must itself be under seal, whether it have a consideration or not, and whether it be made before or after a breach of the previous contract or not. (*Eddy* v. *Graves*, 23 Wend. 82; *Allen* v. *Jaquish*, 21 id. 628; *Lynch* v. *McBeth*, 7 How. Pr. 113; *Clough* v. *Murray*, 3 Robt. 7.) The judgment of this court in the action of *Stephan* v. *Hughes*, adjudging the ownership and possession of the oil well in controversy to Hughes, is conclusive upon both parties and cannot again be litigated. (1 Greenl. on Ev. § 528; *Parkhurst* v. *Berdell*, 110 N. Y. 386; Abb. Trial Ev. 826; 2 Smith's L. C. 662; *Doty* v. *Brown*, 4 N. Y. 71; *White* v. *Coatsworth*, 6 id. 137; *Castle* v. *Noyes*, 14 id. 329; *Demarest* v. *Darg*, 32 id. 281; *Clemens* v. *Clemens*, 37 id. 59; *Leavitt* v. *Wolcott*, 95 id. 212; *Moore* v. *City of Albany*, 98 id. 396, 410; *Bouchard* v. *Diaz*, 3 Den. 238; *Birckhead* v. *Brown*, 5 Sandf. 135.) When there has been no opportunity to plead a matter of estoppel in bar and it is offered in evidence it is equally conclusive as if it had been pleaded. (1 Greenl. § 531; Abb. Trial Ev. 828, 829; *Calkins* v. *Allerton*, 3 Barb. 171; *Doty* v. *Brown*, 4 N. Y. 71; *Castle* v. *Noyes*, 14 id. 329; 1 Greenl. on Ev. §§ 523, 535, 536; *Case* v. *Reeve*, 14 Johns. 81; *Voorhees* v. *Seymour*, 26 Barb. 569, 583; *Candee* v. *Lord*, 2 N. Y. 369; *Raymond* v. *Richmond*, 78 id. 351; *White* v. *Coatsworth* 6 id. 137, 143; *Cromwell* v. *County of Sac*, 94 U. S. 526, 531; *Tuska* v. *O'Brien*, 68 N.Y. 446; *Blair* v. *Bartlett*, 75 id. 150;

*Dunham* v. *Bower*, 77 id. 77; *Perry* v. *Dickerson*, 85 id. 345; *Jordan* v. *Van Epps*, Id. 436; *Church* v. *Kidd*, 88 id. 652; *Crabb* v. *Young*, 92 id. 57; *Patrick* v. *Shafer*, 94 id. 425; *Leavitt* v. *Walcott*, 95 id. 212.) The offer of the appellant to show the expense of sinking the well, etc., whether in mitigation of damages or otherwise, was certainly an offer to prove matters neither material nor competent. (*Suydam* v. *Jenkins*, 3 Sandf. 614; *Develin* v. *Pike*, 5 Daly, 85; *Baker* v. *Wheeler*, 8 Wend. 505; *Silsbury* v. *McCoon*, 3 N. Y. 379; *Joslin* v. *Cowee*, 21 Barb. 48; 52 N. Y. 90; *Guckenheimer* v. *Angevine*, 81 id. 394, 397; *Walther* v. *Wetmore*, 1 E. D. Smith, 7; 2 Schuler on Per. Prop. 48; *Stall* v. *Wilber*, 77 N. Y. 158; *Rider* v. *Hathaway*, 21 Pick. 298; *Lobdell* v. *Stowell*, 51 N. Y. 70; *Burns* v. *Winchell*, 44 Hun, 261.)

Earl, J. It appeared upon the trial that the Stephans put down the oil well from which the oil in question was obtained. Hughes claimed that the well was upon his land, and notified the Stephans of his claim, and also gave notice to the United Pipe Lines, with which the Stephans had stored the oil, of his claim, and that it should not deliver the oil to them. This claim of Hughes and notice to the pipe lines embarrassed the Stephans, and, as they claimed, did them great damage; and they, therefore, brought an action against him, alleging that the well and the oil therefrom belonged to them, and they prayed for relief that it be adjudged that the oil did belong absolutely to them, and that Hughes be required to pay to them such damages as they might sustain by reason of his unlawful assertion and acts of owership of and to the well and oil produced therefrom; and that they have such other and further relief as to the court should seem just and equitable. In that action Hughes put in issue the ownership of the well and oil produced therefrom, and prayed, among other things, for judgment that the oil well and the oil produced therefrom were his property. The action was referred, and the referee gave judgment dismissing the complaint, on the ground that the well and the oil produced therefrom belonged to

Hughes, and judgment was entered in accordance with his report.

The very matter in issue in that action was the title to the well and the oil produced therefrom. To maintain their action the plaintiffs were bound to establish that the well and oil belonged to them; and the defendant in that action could defeat the same by showing that the well and oil belonged to him, and he prevailed upon that issue; and thus there was an adjudication binding upon the plaintiffs therein, that they had no title to the well or the oil produced therefrom, and that the same belonged to Hughes. The fact thus established could not again be brought in dispute between the same parties or their privies, and the judgment in that action conclusively established against the plaintiffs therein the right and title of Hughes to the well and the oil produced therefrom. This defendant stands in the place of Stephan and wife. It does not hold or claim the oil in its own right, but claims solely to hold it for Stephan and wife by whom it has been indemnified against the claim of this plaintiff. The adjudication, therefore, which binds them binds it, and this conclusion rests upon law so elementary that no citation of authorities to sustain it is needed.

It is clear, therefore, that the plaintiff is entitled to recover the value of this oil from the defendant. He early gave it notice of his claim; he demanded the oil of it and it refused to recognize his right. The oil in the earth belonged to him, and when taken therefrom by a wrong doer his title to the same still remained perfect, and he could pursue and reclaim it wherever he could find it. (*Silsbury* v. *McCoon*, 3 N. Y. 379.)

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.