PIERREPONT et al. v. SHEPARD & MORSE LUMBER CO.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

CONVERSION OF LOGS—DEFENSE—RELEASE OF CLAIM.
  A purchaser of logs from one who had wrongfully cut them from trees standing on plaintiff's land cannot defeat an action for conversion by showing a contract between plaintiff and defendant's vendor for a sale of the land to the latter on payment of a certain sum for the logs, and an additional sum for bark cut therefrom, made with the understanding that, when delivered, it would discharge all claims for the trespass and conversion, where it was not delivered, and no payment for the logs was made, though there was a partial payment for the bark.

Appeal from judgment on report of referee.

Action by Henry E. Pierrepont and others against the Shepard & Morse Lumber Company. From a judgment for plaintiffs, entered on report of a referee, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

S. A. Beman, for appellant.
John G. McIntyre, for respondents.

LANDON, J. Prior to January 1, 1892, the Shanley & Alfred Lumber Company trespassed upon the wood lands of the plaintiffs, and cut thereupon a large number of standing trees, which they cut in logs, and from which they stripped the bank. They sold and delivered the logs or the lumber which they sawed therefrom to the defendant, a Maine corporation, which, in turn, sold and delivered the same to its various customers, and refused, upon the demand of the plaintiffs, to deliver the same to them or pay them therefor. The plaintiffs brought this action against the defendant as for the conversion of the lumber, and from the judgment awarding plaintiffs its value this appeal is taken. The Shanley & Alfred Company sold the bark to the St. Regis Tannery Company. The only objection urged upon this appeal is that, before this action was commenced, the Shanley & Alfred Company, or J. W. Shanley, acting in its behalf, settled with the plaintiffs for the trespass and conversion, and accepted a contract satisfaction therefor, and thus confirmed the title which the Shanley & Alfred Company assumed to give to the defendant upon the sale to it of the logs and lumber. The referee before whom the case was tried found, in substance, that no such settlement was made, but that J. W. Shanley, acting for the Shanley & Alfred Company, agreed with the plaintiffs to make it, but never did so.

The defendant urges that the undisputed evidence shows that the settlement was made, and a payment of $633.15 made to the plaintiffs in part execution of it, and that, therefore, the plaintiffs' remedy is upon the contract with Shanley, and not against the defendant. We have examined the evidence contained in the record touching this question, and we think the referee was right in his finding. Without going into the details of the transactions between the plaintiffs and Shanley, which embrace complications

growing out of contracts respecting other wood lands adjoining those trespassed upon as mentioned above, it will be sufficient to state that, prior to the trespasses, Shanley proposed to buy the land subsequently trespassed upon, and agreed with the plaintiffs upon the price and terms of payment. The plaintiffs prepared and signed a contract accordingly, but Shanley never executed it, nor paid the cash installment required by it. Afterwards and about January 1, 1892, the plaintiffs discovered that the Shanley & Alfred Company had committed the trespasses upon the land, and was then engaged in delivering the bark taken from the plaintiffs' lands to the St. Regis Tannery Company, and was also delivering the logs or lumber therefrom to the defendant. The plaintiffs demanded satisfaction of the Shanley & Alfred Company, not only for the trespass and conversion, but also on account of their other contracts with Shanley upon which he had defaulted. Shanley again proposed to buy the lands trespassed upon. The plaintiffs were willing to sell them, but wanted guaranty of payment for the bark and logs converted by the Shanley & Alfred Company, and also for the security upon their existing land contracts. Shanley, in addition to mortgage security which he promised to give upon the old contracts, agreed to pay plaintiffs $1,000 cash in 10 days, and give them the St. Regis Tannery Company's guaranty for $700, to be paid as soon as bark to that amount should be delivered. He did not pay any part of the $1,000, but on January 30, 1892, he gave the plaintiffs the Shanley & Alfred Company's order on the St. Regis Company for $1,700, "due us on bark payable when bark from Christian and Brabon's jobs is delivered." This was the bark from plaintiffs' lands. Upon this order the plaintiffs ultimately received $633.15, and no more. Meantime the Shanley & Alfred Company had so mingled the logs taken from plaintiffs' land with their other logs that they could not be identified. On February 25, 1892, Shanley agreed with the plaintiffs to procure and deliver to them the defendant's guaranty for the payment to plaintiffs of $1,500, for stumpage, upon receipt of which, and the performance by Shanley of his promises in respect to the existing land contracts, the plaintiffs agreed to give him the contract for the sale of the lands trespassed upon; the parties understanding that the latter contract, when delivered, would discharge plaintiffs' claims upon account of the trespass and conversion. Shanley never procured the defendant's guaranty for the $1,500, and never made any payment to plaintiffs of any part of it, and never received or became entitled to receive the contract for the sale of the lands trespassed upon.

The case stands thus: The Shanley & Alfred Company wrongfully converted plaintiffs' growing trees into logs and bark. The company satisfied the plaintiffs, in part at least, for the bark, and promised to satisfy them for the logs, but never did so. The original wrong thus was never satisfied or condoned. The Shanley & Alfred Company never had any title to the logs, and therefore had none to give to the defendant. Silsbury v. McCoon, 3 N. Y. 379. The plaintiffs were willing, for a consideration in hand, to ratify

the title which the Shanley & Alfred Company assumed to confer upon the defendant, and not otherwise. They never received the consideration, and never ratified the title. The defendant was therefore guilty of a conversion of the plaintiffs' property. Pease v. Smith, 61 N. Y. 477; Hughes v. Pipe Lines, 119 N. Y. 423, 23 N. E. 1042. The satisfaction which plaintiffs accepted on account of the bark goes no further than the bark, since at that time the bark was separated from the logs, and was an article of merchandise distinct from the logs. Payment for the bark by the party who was liable to be sued by the plaintiffs for it is no defense to another party, when sued by the plaintiffs for something else.

Judgment affirmed, with costs. All concur.