LORD, STONE & CO. *vs.* WILLIAM H. BUCHANAN.

January Term, 1897.

Present: TAFT, ROWELL, TYLER, MUNSON and START JJ.

*Trespass and Trover—General and Special Owners.*

The special owner in possession of a chattel may recover in trespass or trover its full value against a stranger who unlawfully removes and converts it, the action being presumed to be with the consent of the general owner and the recovery being for his benefit to the extent of his interest. Consequently when such a recovery has been had it is a bar to an action of the same nature in behalf of the general owner.

TRESPASS AND TROVER. Plea, the general issue. Trial by court at the March Term, 1896, Washington County, *Ross*, C. J., presiding. Upon the facts found, which are sufficiently recited in the opinion, judgment was rendered for the defendant. The plaintiffs excepted.

*T. R. Gordon* and *G. W. Wing* for the plaintiffs.

*Frank J. Martin* for the defendant.

TYLER, J.  The plaintiffs sold a stove to a Mrs. Harroun by the following contract:

"BERLIN, VT., Sept. 27th, 1894.

For value received I promise to pay Lord, Stone & Co., or bearer, the first day of November, February, May and August next, thirty-two dollars with interest. The consideration of this note is one model crown portable cooking range which I have received of said Lord, Stone & Co.; nevertheless, it is understood and agreed between the undersigned and said Lord, Stone & Co. that the title of the above mentioned property does not pass to me, and until this note is paid the title to the aforesaid property shall remain with the said Lord, Stone & Co., who shall have the right, in case of non-payment at maturity of said note, without process of law, to enter and retake, and may enter and retake immediate possession of said property wherever it may be and remove the same.

MRS. J. HARROUN."

The defendant, as a public officer, in the foreclosure of a chattel mortgage against the vendee's husband, entered her dwelling-house, took the stove and duly advertised and sold it, the plaintiffs and the vendee making known to the defendant their respective claims and forbidding the sale.

The vendee sued the defendant in trespass for breaking and entering her dwelling-house, converting the stove to his use and depriving her thereof. Judgment was rendered for her to recover the value of the property and special damages, and no exception was taken. This suit was brought a few days later, is in trespass and trover, and special damages are alleged for that "the plaintiffs were for a long time prevented from transacting their necessary business and were put to great trouble and expense in being deprived of the stove."

During the trial the defendant conceded that the stove in controversy was not the one included in the mortgage and did not seek to justify the taking.

The plaintiffs claim that they held the title to the stove, and as there was an overdue payment, that they were entitled to the possession; that the taking was an invasion of their right for which they should have at least nominal damages.

The vendee had possession of the property and an interest in it, and was entitled to recover the full value thereof and her damages. *Harker* v. *Dement*, 52 Am. Dec. 670 and notes; *White* v. *Bascom*, 28 Vt. 268. It is said in the latter case that naked possession is sufficient against all the world except him who has a superior title, and that where the suit is brought by the special owner, the law presumes it is by consent of the general owner who alone can interfere, and that what is recovered by the special owner above his interest is held by him in trust for the general owner.

The question is whether the plaintiffs can recover the damages which they suffered in consequence of the defendant's wrongful act. The rule is, that to entitle a plaintiff to maintain trespass or trover he must, at the time of the taking, have either the actual possession, or the title, with the right of present possession. *Hurd* v. *Fleming*, 34 Vt. 169. This rule is stated in substance in I Chit. Pl. 48, and it is there said that though the action may be brought by the general or special owner against a stranger, yet both actions cannot be supported at the same time, and that when the general owner has not the right of immediate possession, as where he has demised goods for a term, he cannot maintain trespass or trover even against a stranger; though if the injury were sufficient to affect his reversionary interest he may support a special action on the case; and a recovery in an action by the party having a possessory interest would be no bar to an action for an injury to the reversionary interest.

In this case the plaintiffs cannot recover the special damages found by the trial court for the reason that they are not declared for. They in fact only claim nominal damages, which would be for the unlawful taking of the

property. For this they can have no recovery for the reason that the plaintiff in the other suit has had a full recovery upon this ground, and there cannot be two recoveries for the same taking.

If the plaintiffs had the right to repossess themselves of the property by reason of the vendee's failure to make payment, they waived that right and assented to the vendee's possession and suit, and cannot recover in this action.

*Judgment affirmed.*