## Simon L. Elzas

*v.*

## Ada Elzas.

*Opinion filed December 18, 1899.*

1. PRACTICE—*in chancery—distinction between petition for rehearing and bill of review.* The only distinction between a petition for rehearing in chancery for newly discovered evidence and a bill of review for the same cause is, that the former is to be invoked before the enrollment of the decree and the adjournment for the term, while the latter is available after decree and adjournment.

2. ALIMONY—*bill to review a divorce decree is a "case of divorce."* A bill to review a divorce decree for newly discovered evidence involving the validity of the marriage is a "case of divorce," within the meaning of section 15 of the Divorce act, and the court may require the husband to pay the wife money to defend her cause on appeal by him from the order denying leave to file bill of review.

3. COURTS—*exception to rule that trial court is deprived of jurisdiction by consummation of appeal.* An exception to the rule that the consummation of an appeal deprives the trial court of jurisdiction to enter further orders exists under section 15 of the Divorce act, empowering the court to require the husband to pay the wife a reasonable sum to defend her cause in the court of review.

*Elzas* v. *Elzas*, 83 Ill. App. 523, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

At the January term, 1897, of the circuit court of Cook county, a decree of divorce was entered on the petition of the appellee, against the appellant. After the close of the term and on the fourth day of February, 1897, the appellant filed a petition in said circuit court asking leave to file a bill of review for the purpose of having said decree of divorce reviewed, reversed and set aside. The grounds alleged for such relief were errors of law apparent on the face of the record and newly discovered evidence bearing upon the issues presented in the original bill. The court refused to allow the petition to be

filed and dismissed the petition asking for such leave. Appellant prayed and was granted an appeal from such rulings of the court and perfected such appeal. Afterwards, upon the application of the appellee, the said circuit court entered an order directing and requiring appellant to pay appellee $200 wherewith to pay for her defense to said petition on appeal. This is an appeal from the judgment of the Appellate Court affirming the order of the circuit court awarding said allowance of $200 to enable her to defray the expense attendant upon the appeal from the decree refusing leave to file the bill of review, a certificate of importance having been granted.

B. M. SHAFFNER, for appellant.

JOSEPH WRIGHT, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The principal contention of appellant is, the power of the court to award payment to the wife of an amount to pay the fees of her solicitor, under section 15 of chapter 40 of the Revised Statutes, entitled "Divorce," is restricted by the express terms of the statute to "cases of divorce," and that a bill to review a decree for divorce is not a case of divorce, but an original proceeding in equity.

Mr. Story, in his work on Equity Pleadings, (sec. 16,) defines original bills as those "which relate to some matter not before litigated in the court by the same persons, standing in the same interests;" and as bills not original, those "which relate to some matter already litigated in the court by the same persons, and which are either an addition to or a continuance of an original bill, or both," and proceeding further says: "There is another class of bills, which is of a mixed nature and sometimes partakes of the character of both of the others. Thus, for example, bills brought for the purpose of cross-litigation, or of controverting or suspending or reversing some decree

or order of the court, or of obtaining the benefit of a former decree or of carrying it into execution, are considered as strictly a continuance of the former bill but in the nature of original bills; and if these bills require new facts to be stated or new parties to be brought into court they are so far strictly of the nature of supplemental bills. For all the objects of the present work this last class may be treated as included in that of bills not original." And the same author (sec. 20) classifies bills not original into two classes, the second class being those for the purposes of cross-litigation or of controverting or suspending or reversing some decree or order of the court, and in this latter class, in section 21, places a bill of review and also other bills which partake of the nature of a bill of review. Pursuing the subject further, the same author, in section 326 of the same work, says: "Bills not original, as we have seen, pre-suppose a suit to have been already commenced and litigated between the same parties in regard to the same subject matter, and they are properly of two classes: (1) Such as are an addition to or a continuance or a dependency of the original bill; or (2) such as are brought for the purpose of cross-litigation, or of controverting or suspending or reversing some decree or order of the court or of carrying it into execution," and in the second class includes a bill of review or bill in the nature of a bill of review. Other law writers and courts class bills of review as bills in the nature of original bills.

The end to be subserved by a bill of review which is grounded on newly discovered facts is not distinguishable from that designed to be accomplished by a petition for rehearing in chancery. A petition for rehearing on the ground of newly discovered evidence is to be invoked prior to the enrollment of the decree, or, under our rule, to the adjournment of the court for the term, and a bill of review for the same ground and the same relief is to be availed of after the rendition of final decree and the

adjournment for the term. The purpose, scope and result of the two methods of opening a decree to obtain the benefit of newly discovered testimony are the same, the only distinction being that a petition for a rehearing is to be employed if the relief is asked during the continuance of the term at which the decree was pronounced, and a bill of review is the proper pleading if the term has closed. A petition for rehearing, when properly entertained, is but a part or continuation of the original suit, and a bill for review for newly discovered facts, if entertained, is not different in its nature or effect. A bill of review for error of law invokes the exercise of an appellate function and is in the nature of a writ of error. A writ of error is a new suit, yet in *Iago* v. *Iago*, 168 Ill. 339, we held a writ of error brought to reverse a decree of divorce should, under the circumstances of the case, be regarded as but the continuation of the defense to the bill for divorce. The statute empowers the court to require the husband to pay the wife, or into court for her, such sums of money as may be necessary to defend in all "cases of divorce,"—not only while the case is pending in the trial court, but during the pendency thereof in a court of review. The real nature of a bill, as disclosed by its allegations and object, is the more reliable guide as to the case made by it than any merely technical rule of classification of such pleadings. The bill of review in this case involves the determination of the marriage relation by decree of divorce, and, whether technically classified as a bill not an original bill or a bill in the nature of an original bill, its connection with and effect upon the continuation of the marriage relation between the parties is so unmistakable that it must be regarded as a "case of divorce," within the meaning of those words as employed in our statute.

Whether a bill of review may be entertained to reverse or set aside a decree of divorce does not arise on this record.

The statute has created an exception in cases of divorce to the general rule that the consummation of an appeal deprives the court wherein the decree appealed from was rendered, of power or jurisdiction to enter further orders or decrees in the case. In such cases the statute in direct terms authorizes the court, after an appeal has been perfected, to grant and enforce an order requiring the husband to pay the wife a reasonable sum of money to enable her to defend her cause in the courts of review. *Jenkins* v. *Jenkins,* 91 Ill. 167.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*