(No. 10885.)

THE PEOPLE *ex rel.* Charles R. Beadles, Petitioner, *vs.* HUGO PAM *et al.* Respondents.

*Opinion filed December 21, 1916.*

1. PRACTICE—*perfected appeal stays further proceedings by the court rendering judgment appealed from.* A perfected appeal operates to stay any further proceedings by the court rendering the judgment or decree appealed from, the only exception being the order as to alimony in divorce cases, which is expressly authorized by statute.

2. SAME—*paragraph 54 of the Chancery act, allowing the court to remove a receiver, applies only to cases pending.* The authority conferred upon a court of equity by paragraph 54 of the Chancery act to remove a receiver and restore the property to the party from whom it was taken upon said party's giving a bond can be exercised by the court only in a case pending before it and not in a case where an appeal has been perfected depriving the court of further jurisdiction.

3. SAME—*court cannot, in its decree, expressly retain jurisdiction after appeal has been perfected.* A court of equity cannot, by a paragraph in the decree in a foreclosure proceeding expressly retaining jurisdiction of the cause to make such further orders in relation to the receiver as to such court shall seem right, give itself authority to enter orders in the case after an appeal from the decree has been perfected.

4. SAME—*the Appellate Court may issue necessary writs to protect its appellate jurisdiction.* Where the Appellate Court acquires jurisdiction of a case by the perfecting of an appeal the circuit court loses jurisdiction, and the jurisdiction acquired by the Appellate Court carries with it, under section 11 of the Appellate Court act, the right to issue necessary writs to protect its appellate jurisdiction.

ORIGINAL petition for *mandamus.*

HENRY W. LEMAN, (FRANK H. CULVER, of counsel,) for petitioner.

BURKHALTER, GROSSBERG & NEWFIELD, for respondents.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an original proceeding in this court for a writ of *mandamus* against the judges of the Second Branch of the Appellate Court for the First District, commanding them to set aside and annul an order made March 20, 1916, in a cause pending in said court, entitled "David Levi, appellee, *vs.* Charles R. Beadles *et al.* appellants," and to recall and quash a writ issued in said cause March 20, 1916, directed to the circuit court of Cook county.

David Levi filed his bill in the circuit court of Cook county in 1906 to foreclose a trust deed on certain real estate owned by Charles R. Beadles. The bill claimed Beadles owed the complainant $47,500, which was secured by a trust deed. This was denied by Beadles, who claimed the indebtedness was much smaller and also claimed that the loan was usurious. In March, 1911, an order was entered by consent appointing Levi receiver of the property and ordering its possession turned over to him. After a hearing the court entered a decree April 3, 1915, finding the amount due Levi on January 1, 1915, to be $11,288. Both Levi and Beadles prayed and were allowed appeals to the Appellate Court from the decree. Beadles perfected his appeal but the appeal of Levi was dismissed, and he asked and obtained leave of the Appellate Court to assign cross-errors in the Beadles appeal. The decree contained the following paragraph:

"It is further ordered, adjudged and decreed that the receiver heretofore and herein appointed by this court be

and he is hereby continued as such receiver and in charge of the real estate involved herein until the further order of this court, and this court hereby expressly retains control and jurisdiction of this cause to make such other and further orders herein in relation to said receivership and the settlement of his accounts and the distribution of moneys in his hands as to this court shall seem right and proper."

The appeal of Beadles from the decree to the Appellate Court was perfected and bond filed May 6, 1915. In June following, upon the application of Beadles, orders were entered removing Levi as receiver and directing the possession of the property to be delivered to Beadles upon his giving bond in the sum of $12,000, conditioned to pay all damages to Levi which might result from the delivery of the property to Beadles. Levi was directed to file his accounts as receiver, with vouchers for disbursements, and a full report of receipts during the time he was receiver. On March 20, 1916, upon the petition of Levi, the Appellate Court issued a writ of *certiorari* commanding the circuit court to send up to the Appellate Court a transcript of the proceedings under the petition of Beadles after the appeal was perfected and commanding the circuit court to desist from further proceedings in the cause. The relator, Beadles, seeks in this cause the writ of *mandamus* commanding the Appellate Court to set aside the order granting the writ of *certiorari* and to quash the writ. An answer to the petition was filed by respondents, setting up the proceedings and decree in the circuit court, the appeal therefrom and the application of Levi for the writ of *certiorari* upon which the order was made and the writ issued. Relator has demurred to the answer.

Although the merits of the controversy between Levi and Beadles have to some extent been discussed in the brief of relator they are not involved in the decision of this case. The two questions for determination are, (1) whether the circuit court, after the appeal had been perfected, had au-

thority to enter further orders in the case and remove the receiver; and (2) if it had not such authority, whether the Appellate Court had jurisdiction to issue the writ of *certiorari.*

All the cases from *Ex parte Thatcher,* 2 Gilm. 167, down to the present time, hold that a perfected appeal operates to stay any further proceedings by the court rendering the judgment or decree appealed from. The only exception to this rule we know of is, that in divorce cases, after an appeal has been perfected, the trial court may make a further order as to alimony. But this is expressly authorized by the statute, (Hurd's Stat. 1916, chap. 40, par. 15,) and in *Elzas* v. *Elzas,* 183 Ill. 160, and *Jenkins* v. *Jenkins,* 91 id. 167, it was said that this statute created an exception to the rule depriving the court rendering the decree of jurisdiction to enter further orders in the case after an appeal was perfected. In the *Jenkins case* the court said it would have no hesitation in holding that in the absence of the statute the court rendering the decree would have no jurisdiction, after the appeal was perfected, to make any further orders in the case.

It is contended by relator that the decree expressly reserved jurisdiction in the circuit court to make further orders in relation to the receivership and the settlement of his accounts, and that paragraph 54 of chapter 22 of Hurd's Statutes authorized the action of the court in removing the receiver. The statute referred to provides that where application is made for the appointment of a receiver, the court may, in lieu of appointing one, permit the party in possession to retain such possession upon giving bond with such penalty and such security and upon such conditions as the court may order and approve, "and the court may remove a receiver and restore the property to the possession of the party from whom it was taken upon the giving of a like bond." The authority conferred by this statute could only be exercised by the court in a case pending before it.

It was never intended to authorize the entry of orders in a case where an appeal had been perfected depriving the court of further jurisdiction.

Neither could the paragraph of the decree referred to give the court authority to enter orders in the case after the appeal from the decree was perfected. Section 8 of the Appellate Court act provides that Appellate Courts shall exercise appellate jurisdiction, only, but section 11 authorizes them to issue the writ of *mandamus* to cause a proper record to be certified or to cause any act to be done to enforce the due administration of justice in all matters, suits and proceedings which could or might by appeal or writ of error be brought within their jurisdiction, "and the said Appellate Courts, respectively, may also issue writs of *certiorari,* error, *supersedeas* and all other writs not prohibited by law, which may be necessary to enforce the due administration of justice in all matters within their jurisdiction." It would seem clear the Appellate Court has jurisdiction to issue the writ of *certiorari* or any other writ not prohibited by law, necessary to protect or aid its appellate jurisdiction and to enforce the administration of justice in cases in which said courts have jurisdiction. The Appellate Court had jurisdiction, by appeal, of the case of Levi *vs.* Beadles. When it acquired jurisdiction by the perfecting of the appeal the circuit court lost jurisdiction, and the jurisdiction of the case by the Appellate Court carried with it the right to issue necessary writs to protect its appellate jurisdiction. *People* v. *Superior Court, 234* Ill. 186.

Objection is also made by relator to the form of the writ. This objection could properly have been made in the Appellate Court by motion to quash.

The demurrer to the answer is overruled and the writ denied.                                         *Writ denied.*