## David Levi, Receiver, Plaintiff in Error, v. Charles R. Beadles, Defendant in Error.

### Gen. No. 21,785.

1. APPEAL AND ERROR, § 693*—*when appointment of receiver by trial court improper after appeal.* Where, after perfection on May 6, 1915, of an appeal from a decree in a suit in which a receiver had been appointed, the trial court rendering such decree entered an order removing such receiver and appointing another party as receiver, whose bond as such receiver was approved July 14, and filed July 17, 1915, on which date the Appellate Court issued a writ of certiorari for certification of the proceedings as to such order and for a stay of further proceedings, and the appeal and petition for the writ were later dismissed, *held*, in an action of forcible entry and detainer brought July 3, 1915 by the first receiver against the second receiver for possession of the premises involved in the suit, that such action was brought by the duly authorized receiver entitled to the possession of the premises, as a perfected appeal operates to stay any further proceedings by the court rendering the judgment or decree appealed from.

2. APPEAL AND ERROR, § 687*—*what is effect of perfected appeal.* A perfected appeal operates to stay any further proceedings by the court rendering the judgment or decree appealed from.

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment here. Opinion filed March 28, 1917.

BURKHALTER & GROSSBERG, for plaintiff in error.

H. W. LEMAN and F. H. CULVER, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is a writ of error to the Municipal Court of Chicago to review a judgment for the defendant in error against the plaintiff in error (David Levi, re-

ceiver) in a suit of forcible entry and detainer for the possession of certain premises. The evidence in the case showed that on March 3, 1911, David Levi (plaintiff in error) was appointed by the Circuit Court of Cook county receiver of a twenty-four apartment building, one of which apartments was the premises in question. In a suit in which David Levi was complainant and Charles R. Beadles (defendant in error) was defendant, the apartment building was foreclosed, and on April 3, 1915, a final decree was entered in the Circuit Court.

On May 6, 1915, an appeal was taken to the Appellate Court, First District. On June 5, 1915, the Circuit Court of Cook county entered the following order:

"It is ordered that David Levi be and he is hereby removed as receiver of said cause, upon said Charles R. Beadles giving bond in the sum of Twelve Thousand ($12,000) Dollars, with surety to be approved by the court, conditioned to pay all damages to said David Levi which may result to him from the delivery and possession to said Charles R. Beadles of the real estate involved in said cause, and that, upon the filing and approving of said bond said David Levi, Receiver herein, deliver up possession of said real estate and the buildings thereon to said Charles R. Beadles and cease to collect any rent from said building after delivering possession."

The defendant in error executed a bond for $12,000 on July 8, 1915, which bond was approved by the court on July 14, 1915, and filed on July 17, 1915. On the same day, July 17, 1915, a writ of certiorari issued out of the Appellate Court, which recited that the appeal had been pending since May 6, 1915, and, further, required that the record be certified of the proceedings under which the order of the Circuit Court was entered on June 5, 1915, and that in the meantime further proceedings be desisted from. The writ of certiorari was filed in the Circuit Court on July 19, 1915. The

records of this court show that on March 20, 1916, the appeal and petition for the writ of certiorari (being that of July 17, 1915) were dismissed.

In the Municipal Court the trial judge denied the right of plaintiff in error to recover the premises in question and entered judgment for the defendant in error.

It is claimed by the plaintiff in error that "if this court holds that from and after May 6, 1913, when the appeal was taken from the decree below, the Circuit Court had no further jurisdiction to enter any orders and hence had no jurisdiction to enter the order of June 5, 1915, removing David Levi as receiver, then it necessarily follows that David Levi was still receiver at the time the suit in forcible detainer was brought for the possession of the premises in question and was entitled to their possession"; that "if, however, this court should hold that the Circuit Court still had jurisdiction of the order removing David Levi as receiver, then the fact still remains that the writ of certiorari suspended that order."

The critical question in the case is whether on July 3, 1915, when the instant case was instituted in the Municipal Court, the plaintiff in error was entitled to sue as receiver. The final decree, in the case in which plaintiff in error was receiver, was entered in the Circuit Court on April 3, 1915. An appeal was taken from that decree to this court on May 6, 1915, and the appeal bond filed in the Circuit Court on May 6, 1915. On June 5, 1915, a month after the appeal was perfected, the Circuit Court entered its order providing for the removal of the receiver upon the approval and filing of a $12,000 bond by the defendant in error. That bond was approved on July 14, 1915, and filed on July 17, 1915. It follows, therefore, that the appeal from the final decree in the Circuit Court to this court had been perfected before the order of the Circuit Court for the removal of the receiver was entered.

It is the law "that a perfected appeal operates to stay any further proceedings by the court rendering the judgment or decree appealed from." *The People v. Pam,* 276 Ill. 181; *Ex parte Thatcher,* 7 Ill. (2 Gilm.) 167; *Elzas v. Elzas,* 183 Ill. 160; *Jenkins v. Jenkins,* 91 Ill. 167.

There being, then, on July 3, 1915, the date of the institution of this cause in the Municipal Court, no valid order of dismissal, the plaintiff in error was the duly authorized receiver, and as such had charge of the real estate, the possession of which is in question, and was entitled, as the evidence in the record demonstrates, to prosecute this action of forcible entry and detainer and to obtain judgment. We are of the opinion that the court below erred in finding for the defendant, and the judgment, therefore, is reversed and judgment entered here upon a finding of facts in favor of the plaintiff in error, for possession and the costs.

*Reversed and judgment.*