GUY A. FLETCHER *v.* FRANCIS A. PERRY.

RUTLAND BUICK COMPANY, INC. *v.* FRANCIS A. PERRY.

January Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 4, 1932.

230.

*Fenton, Wing, Morse & Jeffords* for the defendant.

*Lawrence, Stafford & O'Brien* for the plaintiffs.

MOULTON, J.   These are two cases tried together, and each comes before us on defendant's exceptions to the sustaining of the demurrer to his pleas in bar.   It has been stipulated that the complaints in the two actions are substantially identical, except as to the allegations of damage; that the pleas in bar, demurrers, and bills of exceptions are identical; and that such disposition as may be made of one applies with equal force to the other, the questions raised being identical in each case.   The record, consisting of the complaint, pleas, demurrers, and bill of exceptions in the case of *Rutland Buick Company, Inc.* v. *Francis A. Perry,* is the one which has, by stipulation, been printed and submitted.

The complaint is in tort, and alleges that a Buick automobile, owned by the plaintiff and driven and operated by Harold Stafford, was damaged in a collision with a La Salle automobile driven and operated by the defendant, and that the accident was caused by the negligence of the defendant and without the fault of the plaintiff.

There are three pleas in bar, the allegations of which may be summarized as follows: Prior to the institution of the present action Harvey R. Kingsley, the owner of the La Salle automobile, brought suit against the Rutland Buick Co., Inc., Guy A. Fletcher, and Harold Stafford for the damage to it caused by this same accident, and recovered a judgment, which has not been reversed, annulled, or set aside, but is of full force and effect; that a controlling fact or question involved in that action was the negligence of the defendants therein in the operation of the Buick automobile, which after full trial and opportunity to be heard was decided adversely to them; that the same fact or question is material and controlling in the present case; that at the time of the accident the present defendant, Perry, was a bailee of the La Salle automobile, and as such was in privity with Kingsley, his bailor; and that therefore the present plaintiffs are barred and estopped from again litigating the question of their negligence.

The demurrer challenges the alleged conclusiveness of the judgment in Kingsley's action as a bar or estoppel in favor of the defendant in the present proceeding.

A former judgment is an absolute bar to a subsequent action only where the parties, the subject-matter, and the causes

of action are identical, or substantially so. *Blondin* v. *Brooks,* 83 Vt. 472, 480, 76 Atl. 184; *Gilley* v. *Jarvis,* 94 Vt. 135, 137, 138, 109 Atl. 41; *Cutler* v. *Jennings,* 99 Vt. 85, 89, 130 Atl. 583. But when some controlling fact or question material to the determination of both suits has been adjudicated by a court of competent jurisdiction and is again at issue between the same parties or their privies, the former adjudication will, if properly presented, be conclusive of the same fact or question in the second suit, although the two suits are not for the same cause of action. See cases above cited. This is, technically speaking, an estoppel by verdict, because while there is no estoppel without the judgment which confers upon the finding contained in the verdict the sanction necessary to give it the effect of *res judicata,* the estoppel is not by the judgment, but by the verdict or finding. *Spaulding, Admr.* v. *Mutual Life Ins. Co.,* 96 Vt. 67, 72, 117 Atl. 376.

Furthermore it is the general rule that an estoppel must be mutual, and therefore a party will not be concluded by a former judgment unless it would have been a protection to him if it had been the other way, and conversely no person can claim the benefit of a judgment as an estoppel upon his adversary unless he would have been prejudiced by a contrary decision of the case. *Dunnett* v. *Shields & Conant,* 97 Vt. 419, 431, 123 Atl. 626; *Firestone Tire and Rubber Co.* v. *Hart's Estate,* 104 Vt. 197, 158 Atl. 92, decided at the January, 1932, Term of this Court.

A bailee may be in privity with his bailor, where the question concerns the title to the property which is the subject of the bailment. *Hughes* v. *United Pipe Lines,* 119 N. Y. 423, 23 N. E. 1042, 1043; *Ladany* v. *Assad,* 91 Conn. 316, 99 Atl. 762, 765. But no such issue arises in this case. "It creates no privity between the parties, that, as litigants in two different suits, they happen to be interested in proving or disproving the same facts." *Sturbridge* v. *Franklin,* 160 Mass. 149, 151, 55 N. E. 669, 670; *Duffee* v. *Boston Elevated Ry. Co.,* 191 Mass. 563, 564, 77 N. E. 1036.

A bailee has a special property in the thing bailed, and, although he may not be accountable over to the bailor, he may maintain an action for an injury to it while in his possession caused by the negligence of a third person, and may recover

the full amount of the damages. *Wooley* v. *Edson,* 35 Vt. 214, 222; *White* v. *Bascom,* 28 Vt. 268, 272; *Lord, Stone & Co.* v. *Buchanan,* 69 Vt. 320, 322, 37 Atl. 1048, 60 A. S. R. 933; and see *Strong* v. *Adams,* 30 Vt. 221, 223, 73 A. D. 305. Whatever is recovered by the bailee above his special interest is held by him in trust for the general owner. *Lord, Stone & Co.* v. *Buchanan, supra.* The bailor may interfere to assert his rights, but if he does not do so, and allows the suit to proceed to judgment, he cannot afterwards sue, because there cannot be two recoveries for the same thing. *Wooley* v. *Edson, supra; Lord, Stone & Co.* v. *Buchanan, supra.* The judgment in favor of the bailee is pleadable in bar to a subsequent action by the bailor. *Johnson* v. *Inhabitants of Holyoke,* 105 Mass. 80, 81, 7 A. R. 545. But a recovery by the bailee to the extent only of his possessory interest is not a bar to an action by the bailor for damages to his reversionary interest. *Lord, Stone & Co.* v. *Buchanan, supra,* page 322 of 69 Vt., 37 Atl. 1048. Conversely, it is not apparent how a recovery by a bailor, which could only include the damages to his own general property in the thing bailed, can affect the bailee in a subsequent suit to recover for injury to his possessory right. The theory upon which the latter is allowed to recover the full amount is that his possession gives him a good title as against the wrongdoer, unless the latter shows a better one in himself. See cases above cited. It will be perceived, therefore, that since the defendant is not concluded by Kingsley's judgment, and would not be even if it were the other way, the elements of a mutual estoppel do not exist.

It follows also that the defendant Perry was not in any sense a real or substantial party to the former action. *Cutler* v. *Jennings, supra,* 99 Vt. 85, 90, 130 Atl. 583. He was not an agent for Kingsley in operating the La Salle automobile. His negligence, if any, would not have prevented Kingsley's recovery. He might have been liable as a joint tort-feasor, but he could not have been guilty of contributory negligence in the sense that his fault in this respect could have been imputed to Kingsley. *Tobin* v. *Syfrit,* 2 W. W. Harr. (32 Del.) 274, 122 Atl. 244, 245; *Spelman* v. *Delano,* 177 Mo. App. 28, 163 S. W. 300, 304, *et seq.; Missouri Pac. R. R. Co.* v. *Boyce,* 168 Ark. 440, 270 S. W. 519, 520; *Hunt-Berlin Coal Co.* v. *McDonald Coal Co.,* 148 Tenn. 507, 256 S. W. 248, 250; *Lloyd* v. *R. R. Co.,* 107

Wash. 57, 181 Pac. 29, 6 A. L. R. 307, 310, *et seq.;* and note page 317; *Gibson* v. *R. R. Co.,* 226 Pa. 198, 75 Atl. 194, 196, 27 L. R. A. (N. S.) 689, and note, 18 Ann. Cas. 535; *New York L. E. & W. R. R. Co.* v. *N. J. Elec. Ry. Co.,* 60 N. J. Law, 338, 38 Atl. 828, 831, 832, 43 L. R. A. 849, affirmed 61 N. J. Law, 287, 41 Atl. 1116, 43 L. R. A. 849.

The defendant, however, urges that the doctrines of privity and mutuality of estoppel have their exceptions, and that, as a matter of public policy, the plaintiff ought not to be allowed again to litigate a question which has once, after a full trial with every opportunity to be heard, been decided against him. But while we recognize that "it is for the benefit of the community that a limit should be prescribed for litigation" (see *Firestone Tire and Rubber Co.* v. *Hart's Estate, supra*), and are not to be understood as saying that there may not be in some conceivable situations exceptions to the strict doctrine of mutuality (see *Spencer* v. *Dearth,* 43 Vt. 98, 113, 114; *Lindsey* v. *Danville,* 46 Vt. 144, 149, 150), we do not feel justified in the present instance in departing from the general rule announced in our previous decisions, which requires substantial identity or privity of parties and mutuality of estoppel in order to constitute the judgment in a former action an estoppel or bar to a recovery in a subsequent one. A similar question has recently been before us in *Girard* v. *Vermont Mutual Fire Ins. Co.,* 103 Vt. 330, 339, 154 Atl. 666, where the argument of public policy was advanced in aid of a claim that, upon an issue of fraudulent burning of certain buildings, as between insurer and insured, the record of the conviction of the latter of the crime of burning them with intent to defraud the former was admissible in proof of the fact. But the offered evidence was held inadmissible as being *res inter alios acta.*

It follows that there was no error in the ruling of the trial court, and the entry in each case is: *Judgment affirmed, and cause remanded with leave to defendant to apply.*