EDWARD J. BONES, as Administrator, etc., of CATHERINE M. BONES, Deceased, Appellant, v. RIDGEWOOD SAVINGS BANK, Respondent.— Order dismissing the complaint on the ground that there is an existing final judgment of a court of competent jurisdiction, rendered on the merits, determining the same cause of action between the parties, entered pursuant to rule 107 of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements. The plaintiff here is bound by the discovery proceeding instituted by him as administrator in the Surrogate's Court because of the defendant's privity to both the petitioner and the respondent in the Surrogate's Court. (*Hughes* v. *U. P. Lines*, 119 N. Y. 423; *Nichols* v. *MacLean*, 101 id. 526.) If, as the plaintiff here contends, the question of the authority of the defendant bank to deposit the proceeds of the drafts which are the subject-matter of this action to the joint account of the intestate and the respondent in the Surrogate's Court proceeding was not an issue in the discovery proceeding, it should have been litigated, since it was necessarily involved. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.) Hagarty, Carswell, Scudder, Tompkins and Davis, JJ., concur.

DAVID BORENSTEIN, Respondent, v. JEANETTE BORENSTEIN, Appellant. (Appeal No. 1.) — Resettled order denying defendant's motion to vacate warrants of attachment theretofore granted affirmed, without costs. No opinion. Lazansky, P. J., Young, Carswell and Johnston, JJ., concur; Scudder, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: The action takes on the character of one in equity, brought by the father of two children against the mother, to establish or enforce a trust for the benefit of the two children. In substance, if not in form, the children are the real plaintiffs. The plaintiff does not allege he was to receive anything, and defendant's alleged breach of contract deprived him of nothing. The warrants of attachment against defendant's property should not be sustained. (Civ. Prac. Act, § 902.)

DAVID BORENSTEIN, Respondent, v. JEANETTE BORENSTEIN, Appellant. (Appeal No. 2.) — Resettled order denying defendant's motion to increase the security furnished by plaintiff on the attachments herein reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The plaintiff, within ten days from the entry of the order herein, is directed to file an additional undertaking, with corporate surety, in the sum of $2,250, increasing the security to the sum of $2,500. We are of the opinion that the defendant is entitled to be secured by an additional undertaking to the extent herein indicated. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.