Samuel H. Hofstadter, J.
Defendant acted on behalf of several underwriters in connection with an underwritten public offering of shares of stock of Hamilton Management Corporation held by six stockholders. Plaintiff Shurtleff brought action in this court against the selling stockholders, obtaining six warrants of attachment. The action was removed to the Federal jurisdiction. There the defendants moved by order to show cause for an order vacating the warrants. The motion was *762 denied; In the meantime, defendant delivered its certificate to the plaintiff Sheriff certifying that it had in its possession at the time of levy no debt or. property belonging to. the defendants. This action was brought by plaintiffs upon a first cause asserted pursuant to section 943 of the Civil Practice Act. Plaintiffs moved for summary judgment upon that cause, contending that the determination in the Federal jurisdiction is res judicata, and defendant asserting it is entitled to relitigation of the issue.
The underwriting agreements provide for closing at 10:00 a.m. on May 18, 1960. The writs were served at about 10:40 a.m. on that day. Closing had been adjourned to 11:00 a.m. and actually occurred at 4:30 p.m. on May 18, 1960.
The order to show cause by which the motion in the Federal jurisdiction was brought on required service upon the attorneys for the defendant. One of its partners, counsel, employees and witnesses appeared at the hearings on that motion. Counsel participated in every manner save to examine or cross-examine. One of defendant’s partners made an affidavit in support of the motion. Out of the moneys paid for the stock sold, defendant withheld sufficient in amount to meet the warrants and took indemnity agreements. It then caused a transfer of the funds out of the jurisdiction and it was thereafter that its certificate Avas delivered to the Sheriff.
It was found in the Federal jurisdiction that defendants in the main action had an actionable claim against the defendant at the time of service of the warrants. It Avas expressly found that all things required to be done to ripen the claim were done before 10:00 a.m. on May 18, 1960 and to the extent nothing remained open it constituted a condition subsequent and not a condition precedent. The one-hour adjournment was for the convenience of the defendant to enable, among other things, a closing in the State of New Jersey and the avoidance of imposition of New York State tax, and further it Avas found that the adjournment was not real or valid.
Defendant is with no financial interest in the matter. It urges several alleged points of self-interest but none of pecuniary interest. It asserts, for example, that it is under obligation or expense with respect to the indemnities and the repossession of the fund now outside the jurisdiction; The latter item itself needs no comment but none of the reasons urged by defendant afford it a right to relitigation of the issue. It had the opportunity to litigate in the Federal jurisdiction since it was by order to show cause cited as a- party thereto. Not only did it participate in every conceivable manner, save to examine and cross-examine. but it raised no objection to having been made a partv *763 and now it urges new evidence which, apart from any other consideration, could not possibly fall in that category.
No liability is here asserted" against this defendant with respect to the transaction, subject of the main action. Defendant has no claim of right with respect thereto to vindicate and no liability to escape. The liability subject of the first cause of action here concerns defendant’s conduct on and after service upon it of the warrants and that has been litigated and determined. Relitigation and ruling in defendant’s favor would serve only the defendants in the main action to obliterate its jurisdictional base.
In Hughes v. United Pine Lines (119 N. Y. 423) defendant was charged with conversion of oil delivered to it for storage by persons claiming title to the oil and the wells from whence it came. In a prior action between the plaintiff and adverse claimants title was found in favor of plaintiff. Defendant was precluded from disputing plaintiff’s ownership. This defendant urges that title is not here involved. In both instances, however, the defendant has no interest in the subject matter, one being a bailee, the other a stakeholder.
In Hughes the defendant held oil deliverable to plaintiff by reason of the prior adjudication and here the defendant holds the personal property, an actionable claim, deliverable to the plaintiff Sheriff by certificate and now by virtue of the prior adjudication. The realities preclude relitigation. Certainly plaintiffs could not relitigate were the prior adjudication against them.
Accordingly, plaintiffs are entitled to judgment upon the first cause of action requiring the defendant to deliver to the plaintiff Sheriff the withheld moneys, together with interest thereon.
With respect to the second cause of action asserted in favor of the individual plaintiff, the defendant moves by separate motion for dismissal pursuant to subdivision 4 of rule 106 and pursuant to rule 113 of the Rules of Civil Practice. For his second cause plaintiff relies upon the allegations of the first-cause and urges, in support of the additional conclusory allegations, that defendant is guilty of civil contempt or prima facie tort in that there was intentional attempt to' impede and to vitiate the effectiveness of the court’s mandate and to injure the plaintiff.
It is true that the defendant • could lawfully support the defendants in the main action, in their'proceeding brought to secure the vacatur of the warrants and to file with the Sheriff the certificate, required following service of the warrants and the levy. At the time of levy defendant held no personal tan *764 gible property belonging to the main defendants, but, as found, the latter did possess a chose in action, the. actionable claim. Nothing which defendant did tended to cause a transfer thereof or to defeat or to injure the plaintiff. There was nothing to transfer since the situs of the debt was here and so remained. Yet the actions taken after the levy served to solidify, or tended to do so, the claim of right to vacatur of the warrants and if, as alleged, those actions were taken in complicity with the persons and parties associated with the transactions out of which the attachable claim arose and defendant, together with others, acted maliciously, a claim of right arises for recovery of the damage and legal expenses incurred is an item of such damage. The cause requires no classification if it sets forth an actionable tort involving malice (Riedel Glass Works v. Kurtz v. Co., 287 N. Y. 636 ; Cooper v. Weissblatt, 154 Misc. 522).
The motion of the plaintiffs is granted and defendant’s motion is denied.